UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., <br><br>　　　　Plaintiff, <br><br>v. <br><br>PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, <br><br>　　　　Defendants. | Case No. 3:10-cv-00534 <br> Senior Judge Nixon <br> Magistrate Judge Bryant |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Defendants Psychiatric Solutions, Inc. ("PSI" or the "Company"), Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner (the "Individual Defendants") (PSI and the Individual Defendants will be collectively referred to as the "PSI Affiliates") and Defendants Universal Health Services, Inc. ("Universal") and Olympus Acquisition Corp. (collectively the "Universal Affiliates") (the PSI Affiliates and the Universal Affiliates will be collectively referred to as the "Defendants") submit this Memorandum of Law in opposition to Plaintiff's Motion for Expedited Discovery.

# INTRODUCTION

Plaintiff's motion for expedited discovery should be denied as moot because this action should be stayed in favor of parallel proceedings in Delaware Chancery Court. As explained in Defendants' Motion to Stay filed on June 18, 2010 (DE Nos. 18 – 19), this case should be stayed in light of the Delaware action because (a) the shareholder class action pending in Delaware, whose law controls here, is substantively identical to the claims asserted in this Court; (b) an expedited discovery schedule has already been entered in the Delaware action; and (c) the parties in the Delaware action have completed their respective document productions and all but one of the depositions of fact witnesses.

Plaintiff does not and cannot offer any reason to justify expedited discovery in this case because expedited discovery for the same claims is being prosecuted on behalf of the same putative class in Delaware. Consequently, it would appear that the sole interest to be served by expedited discovery in this case is the interest of the particular Plaintiff's counsel who filed this suit.

On May 17, 2010, PSI announced it had reached agreement with Universal for Universal to acquire PSI for $3.1 billion (the "Merger"). On the very same day, the first lawsuit seeking to enjoin the Merger was filed in Tennessee Chancery Court and several other complaints followed. Defendants were originally faced with seven lawsuits in several different courts – Williamson County Chancery Court, Davidson County Chancery Court, the Court of Chancery for the State of Delaware, and this Court. As demonstrated in Defendants' motion to stay, these lawsuits are functionally identical.

Delaware Plaintiffs have been very aggressive in pushing those cases forward. Delaware Plaintiffs filed a motion for expedited proceedings on June 4, 2010, and, as a result, an expedited

discovery schedule was established in Delaware in preparation for a hearing on the merits in Georgetown, Delaware on August 5, 2010.

In light of the scheduled discovery deadlines and hearing in Delaware, Defendants sought a stay of this case to avoid (a) costly and duplicative litigation and (b) the risk of an inconsistent ruling, particularly on the competing claims to enjoin the Merger. Plaintiff opposes the motion to stay and now – ***nearly two months after Plaintiff filed her complaint and more than a month after Delaware Plaintiffs filed a motion for expedited discovery*** – Plaintiff asks that the Court order expedited discovery in this case.

Plaintiff's request that expedited discovery proceed in this case even though expedited discovery on behalf of the same class is already proceeding in Delaware is patently unreasonable. Several courts, including Judge Trauger in a case from this District, faced with strikingly similar facts have granted defendants' motion to stay in favor of the proceedings moving forward in the Delaware Chancery Court and have denied plaintiff's motion for expedited discovery as moot in light of the stay. See, e.g., Iron Workers' of Western Pa. Pension Plan v. Caremark Rx, Inc., No. 3:06-1097, 2007 WL 60927 (M.D. Tenn. 2007) (copy filed previously); In re Countrywide Financial Corp. Derivative Litig., 542 F. Supp. 2d 1160 (C.D. Cal. 2008).

Plaintiff's papers offer no reason to justify a different result here. The pendency of the Delaware cases and the progress therein alone justify granting Defendants' request for a stay and denying Plaintiff's request to expedite discovery. If, however, the Court is inclined to deny the stay request, Plaintiff's motion for expedited discovery should nevertheless be denied on the merits for two additional reasons explained in more detail below:

(1)     Plaintiff has not made the requisite "good cause" showing to be entitled to expedited discovery.  "Good cause" requires Plaintiff to show that her "need" for expedited discovery outweighs the possible prejudice or hardship to Defendants.  No such showing of need has been or could be made here.  In fact, the only stated "urgency" in Plaintiff's motion is that "Defendants will likely consummate the Merger before Plaintiff and other PSI shareholders even had a chance to receive and review discovery related to this action."  <u>See</u> Pl. Br. at p. 9.  This statement is simply not true – the putative class of PSI shareholders represented in the Delaware action has already received Defendants' document production and has deposed numerous fact witnesses.

(2)     Plaintiff's discovery requests are overly broad.  For example, Plaintiff seeks "[a]ll … financial statements concerning the financial results … of PSI."  <u>See</u> Pl. Br. at p. 8.  Because there is no date limitation on the request, Plaintiff is asking for every single PSI financial statement prepared from the inception of the Company through the present.  Courts have denied motions for expedited discovery in similar circumstances.

For the reasons summarized above and set forth in detail below, the Court should grant Defendants' motion to stay and deny Plaintiff's motion for expedited discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2010, PSI issued a press release announcing that it had reached a definitive agreement whereby Universal would acquire PSI for a price of $33.75 per share in cash.  The total transaction consideration for the Merger (including the assumption of PSI debt) is approximately $3.1 billion.  <u>Id.</u>  The Merger is expected to close in the fourth quarter of 2010, but no closing date has been set and no date has been set for the shareholder vote to approve the Merger.

As noted above, seven lawsuits were filed against Defendants in the days following announcement of the Merger, two in Williamson County Chancery Court, one in Davidson County Chancery Court, three in the Delaware Court of Chancery, and one in this Court. Each of the lawsuits purports to be a class action on behalf of PSI's shareholders and seeks, among other relief, an injunction prohibiting consummation of the Merger.

In the time since Plaintiff filed her complaint on May 28, 2010 through July 12, 2010, when Plaintiff filed the motion for expedited discovery, Plaintiff has done absolutely nothing to move this case forward.

Plaintiffs in Delaware, on the other hand, aggressively pursued expedited discovery. On June 4, 2010, Delaware Plaintiffs filed a motion for expedited proceedings. On June 7, 2010, Chancellor Chandler held a telephonic hearing on the motion, during which the Court identified available hearing dates and instructed the parties to submit a proposed consolidation order and agree to an expedited discovery schedule. On June 8, 2010, Delaware Plaintiffs filed a proposed consolidation order, which the Delaware Chancery Court entered on June 9, 2010.

It is important to note that the Delaware consolidation order specifically provides that Plaintiff's counsel in this case may participate in the Delaware proceedings if the action pending before this Court is dismissed. Plaintiff has offered no reason this option is not acceptable.

On June 16, 2010, the parties to the Delaware proceeding complied with Chancellor Chandler's instructions and filed a proposed stipulated scheduling order. Faced with Court-ordered expedited discovery in Delaware, Defendants filed a motion to stay proceedings before this Court on June 18, 2010. On July 2, 2010, Plaintiff filed an opposition to the motion to stay without mentioning any perceived need for expedited discovery.

On July 12, 2010, Plaintiff, in what could only be characterized as a belated attempt to try to get ahead of the Delaware Plaintiffs, filed a motion for expedited discovery – nearly two months after filing her complaint and more than a month after Delaware Plaintiffs filed their motion for expedited discovery. The only stated "urgency" in the motion for expedited discovery is that Plaintiff and other PSI shareholders need time to review discovery before consummation of the Merger. But no date for consummation of the Merger has been set and the putative class of PSI shareholders has received significant discovery in the Delaware action.

Plaintiff asserts in her motion for expedited discovery that her counsel "attempted in good faith to coordinate discovery currently underway" in the Delaware action. See Pl. Br. at p. 4. In fact, however, no such good faith effort was made.

On June 30, 2010, W. Travis Parham, Defendants' counsel, wrote to Gerard Stranch, Plaintiff's counsel, proposing that Plaintiff agree to stay this case and intervene in Delaware (as the Delaware consolidation order invites). See Declaration of W. Travis Parham ("Parham Dec."), at ¶ 4, filed contemporaneously herewith. Further, Mr. Parham indicated that, if this case were stayed, Defendants would (a) produce to Plaintiff the documents produced in Delaware and (b) agree to Plaintiff's participation in the Delaware depositions. Id. The proposal made to Plaintiff was substantially identical to a proposal made to plaintiffs in the three cases filed in Tennessee state court. Id.

On July 1, 2010, Mr. Parham spoke with Mr. Stranch, who indicated that Plaintiff was not amenable to a stay and expressed concern as to whether Plaintiff could intervene in Delaware. Id. at ¶ 5. Contrary to Mr. Stranch's Declaration, Mr. Parham does not recall telling Mr. Stranch that depositions in Delaware would not start for two weeks. Id. at ¶ 8.

On July 5, 2010, Plaintiffs in the Tennessee state court actions agreed to stay those actions. Id. at ¶ 6. On July 6, 2010, Mr. Parham informed Mr. Stranch of the agreement reached with plaintiffs in the Tennessee state court actions and suggested that Plaintiff here agree to a similar order. Id. On July 9, 2010 – over a week after Defendants initially proposed Plaintiff agree to a stay of this action and participate in the Delaware action – Mr. Stranch asked that Defendants immediately produce (i.e., that same day) nearly 300,000 pages of documents and agree that Plaintiff's counsel could participate in the Delaware depositions. Id. at ¶ 7.

Mr. Parham responded that he would discuss the proposal with the defense team, but that the logistics of the document production may not be feasible and that depositions in the Delaware action had already begun. Id. Mr. Stranch did not express any surprise when he was informed that depositions in Delaware had already begun. Id. at ¶ 8.

Before Defendants responded with a definitive answer to Mr. Stranch's July 9, 2010 request, Mr. Stranch emailed Mr. Parham to inform him that Plaintiff would be filing a motion to expedite discovery in this action and would seek to set her own discovery schedule. Id. at ¶ 7. Thus, Plaintiff in this case has refused to agree to a stay, choosing instead to ask this Court to require Defendants to litigate the same claims before two different courts on an expedited schedule in both courts. As explained below, Plaintiff's patently unreasonable request should be denied and this action should be stayed.

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED AS MOOT BECAUSE THIS PROCEEDING SHOULD BE STAYED

Defendants established in their motion to stay papers that this action should be stayed in favor of the Delaware consolidated action because, among other reasons, (a) the Delaware action is more advanced than this one; (b) the two actions raise the same claims and seek the same

relief; (c) the issues raised will be decided under Delaware law; (d) the Delaware Chancery Court has recognized expertise in the field of corporate law; (e) the Delaware action will proceed regardless of whether this case is stayed; and (f) expedited discovery in the Delaware action is nearly complete.

Because a stay of this case in favor of the more-advanced Delaware action is appropriate, Plaintiff's motion for expedited discovery should be denied as moot. Iron Workers', 2007 WL 60927. In Iron Workers', this Court was presented with remarkably similar facts. See id. Two sets of lawsuits challenging the merger between Caremark and CVS Corp. were filed – one in Delaware Chancery Court and one in the Middle District. Id. at *1. Defendants filed a motion to stay the Middle District proceedings, and plaintiffs filed a motion for expedited discovery. Id.

Judge Trauger held in Iron Workers' that a stay of proceedings in favor of the Delaware proceedings was proper because "in the Delaware case, the court has already granted expedited discovery, which the parties are conducting, and a hearing has been set on the application for a preliminary injunction." Id. at *5. The same is true here. The parties in the Delaware case are operating under a Court ordered expedited discovery schedule; tens of thousands of documents have been produced; interrogatory and document request responses have been served; depositions of fact witnesses are almost complete; plaintiffs have served an expert report; and a hearing has been set for August 5, 2010. Thus, as Judge Trauger held, a stay of this action in favor the Delaware action is warranted and Plaintiff's motion for expedited discovery should be denied as moot. Iron Workers', 2007 WL 60927 at *5 - *6.

3825266.1

- 8 -

Case 3:10-cv-00534   Document 55   Filed 07/19/10   Page 8 of 14 PageID #: 497

## II. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF IS NOT ENTITLED TO EXPEDITED DISCOVERY

If the Court is inclined, however, to deny Defendants' motion to stay proceedings, then Plaintiff's motion for expedited discovery should be denied on the merits. Plaintiff's motion for expedited discovery fails for the two reasons set forth below.

### A. The Court Should Deny Plaintiff's Motion Because Plaintiff Has Not Satisfied the Stringent Requirements for Obtaining Expedited Discovery

The standard for the Court's consideration of Plaintiff's belated request for expedited discovery is as follows.

> [I]t is implicit that some showing of good cause should be made to justify such an order. Where a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request, as we have done, on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances. Because expedited discovery is not the norm, the plaintiff must make some prima facie showing of the need for the expedited discovery. Additionally, when applying the good cause standard, the court should consider the scope of the requested discovery.

In re Paradise Valley Holdings, Inc., No. 03-34704, 2005 WL 3841866, *1 (Bankr. E.D. Tenn. Dec. 29, 2005) (citations and quotations omitted) (copy filed herewith).

In short, "[g]ood cause may be found where the plaintiff's **need** for expedited discovery outweighs the possible prejudice or hardship to the defendant." Id. at *2 (emphasis added). Plaintiff has not made this showing.

Plaintiff's motion is, in fact, utterly devoid of any reference to a "need" for expedited discovery. The only stated reasons that Plaintiff asserts she would like to have expedited discovery is because (1) she intends to seek preliminary injunctive relief and (2) PSI shareholders need a chance to review discovery before consummation of the Merger. See Pl. Br. at pp. 5, 9. But neither assertion merits expedited discovery.

***First***, a party is not entitled to expedited discovery simply because that party is seeking preliminary injunctive relief. In fact, several district courts in the Sixth Circuit have denied expedited discovery requests where a motion for preliminary injunction is pending. See, e.g., Bug Juice Brands, Inc. v. Great Lakes Bottling Co., No. 1:10-cv-229, 2010 WL 1418032 (W.D. Mich. Apr. 6, 2010) (copy filed herewith); Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc., No. 1:08-cv-620, 2008 WL 2923426 (W.D. Mich. July 24, 2008) (copy filed herewith).

***Second***, Plaintiff's assertion that expedited discovery is needed for PSI shareholders to review discovery before consummation of the Merger likewise does not justify the relief Plaintiff seeks because the putative class of PSI shareholders have already been granted expedited discovery in the Delaware action. As noted above, Defendants are subject to an expedited schedule in Delaware in anticipation of an August 5, 2010 hearing.

As further noted above, the Delaware Chancery Court has entered an order allowing Plaintiff in this case to participate in the prosecution of the Delaware action if Plaintiff dismisses this action. Defendants have indicated to Plaintiff that they will not oppose Plaintiff's intervention in the Delaware proceedings if this case is stayed. See Parham Dec. at ¶ 4.

Without offering any justification beyond a supposed concern that intervention might not be allowed, Plaintiff's counsel in this Court decided not to participate in the Delaware discovery and instead now demands an expedited discovery track in this case. Such redundant discovery cannot be reasonably expected to benefit the putative class. Thus, the only interest to be served by expedited discovery in this case would be the interest of Plaintiff's counsel.

Further, Plaintiff's request will require Defendants to (a) respond to Plaintiff's discovery requests; (b) review and produce additional documents to Plaintiff since Plaintiff's discovery

requests are far broader in scope than the discovery requests in the Delaware action; and (c) sit for a second round of depositions of the same deponents on an expedited basis.

It would be unduly burdensome to force Defendants to proceed with expedited discovery here as well as in the Delaware action at the same time, especially given that Plaintiff could simply intervene in the Delaware action (as Chancellor Chandler has invited her to do). Accordingly, Plaintiff's motion for expedited discovery should be denied because Plaintiff has neither established a need for expedited discovery nor shown that any perceived need outweighs the possible hardship to Defendants.

### B. The Court Should Deny Plaintiff's Motion Because Plaintiff's Proposed Requests Are Overly Broad

Courts deny requests for expedited discovery when those requests are overly broad, or "not narrow in scope." Bug Juice Brands, Inc. v. Great Lakes Bottling Co., No. 1:10-cv-229, 2010 WL 1418032, *2 (W.D. Mich. Apr. 6, 2010) (copy filed herewith); Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc., No. 98-CV-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) (copy filed herewith); see also Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728, 730 – 31 (S.D.N.Y. 1996).

In this case, Plaintiff contends that Defendants have already produced the requested documents in the Delaware case, but a quick review of Plaintiff's actual requests demonstrates they are much broader in scope than the documents requested and produced in Delaware. See Pl. Br. at pp. 7 – 9. For example, Plaintiff requests the following documents, "[a]ll appraisals, analyses, opinions, reviews, financial statements, or other documents concerning the financial results, value, fair value, or inherent value of the stock or any of the assets of the business of PSI." Id. at p. 8.

3825266.1
- 11 -
Case 3:10-cv-00534 Document 55 Filed 07/19/10 Page 11 of 14 PageID #: 500

There is no date limitation on this request, and, thus, Plaintiff is requesting Defendants to produce, in essence, all documents relating to PSI's financial results since inception through today. Plaintiff's request for such a broad scope of documents, most of which have no relevance to the issues alleged in Plaintiff's complaint, justifies denial of Plaintiff's motion for expedited discovery. See, e.g., Bug Juice Brands, 2010 WL 1418032, at *2.

## CONCLUSION

For the reasons set forth above and in Defendants' filings in support of their motion to stay, Defendants respectfully request that the Court grant Defendants' Motion to Stay and deny Plaintiff's Motion for Expedited Discovery as moot.

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s W. Travis Parham
W. Travis Parham (BPR 16846)
tparham@wallerlaw.com
Paul S. Davidson (BPR 11789)
pdavidson@wallerlaw.com
Michael T. Harmon (BPR 27279)
mharmon@wallerlaw.com
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Attorneys for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Todd R. David
todd.david@alston.com
Jessica Corley
Jessica.corley@alston.com
Lisa R. Bugni
lisa.bugni@alston.com
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Attorneys for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Alan S. Goudiss
agoudiss@shearman.com
H. Miriam Farber Gorman
mfarber@shearman.com
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022

Attorneys for Defendants Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

/s John S. Hicks
John S. Hicks
jhicks@bakerdonelson.com
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201

Gary A. Bornstein
gbornstein@cravath.com
Max R. Shulman
mshulman@cravath.com
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Attorneys for Defendants Universal Health Services, Inc. and Olympus Acquisition Corp.

## CERTIFICATE OF SERVICE

I certify that on July 19, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

Attorneys for Plaintiff

This 19th day of July, 2010.

/s W. Travis Parham