UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-00534 Senior Judge Nixon |
| v. | ) ) | Magistrate Judge Bryant |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

### DECLARATION OF W. TRAVIS PARHAM
### IN SUPPORT OF DEFENDANTS' RESPONSE IN
### OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

I, W. Travis Parham, hereby declare as follows:

1. I am an attorney at law, licensed to practice in the State of Tennessee and am one of the attorneys of record for Psychiatric Solutions, Inc. ("PSI") and its affiliates in the above-captioned matter. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2. This case is one of many cases filed against PSI and its affiliates following the announcement of a proposed merger between PSI and Defendant Universal Health Services, Inc. ("Universal"). In addition to this case, three cases were filed in Delaware

state court (the "Delaware Consolidated Cases) and three cases were filed in Tennessee state court (the "Tennessee Consolidated Cases).

3. On June 18, 2010, after it had become apparent that the Delaware Consolidated Cases were going to move more quickly than the Tennessee Consolidated Cases, Defendants filed a Motion to Stay this case. In connection with the Motion to Stay, Defendants filed copies of the Complaints in the other cases and copies of the Delaware consolidation order and the proposed Delaware scheduling order.

4. On June 30, 2010, I wrote to Gerard Stranch, Plaintiff's counsel, proposing that Plaintiff agree to stay the case here and intervene in Delaware (something the Delaware consolidation order invites). A copy of the June 30, 2010 letter is attached as <u>Exhibit 1</u>. In the letter, which was written on behalf of all of the Defendants, I stated that if Plaintiff would agree to stay the case here, Defendants were amenable to producing to Plaintiff all of the documents produced in Delaware and to agreeing to Plaintiff's participation in the Delaware depositions. The proposal made to Plaintiff was substantially identical to a proposal made to the plaintiffs in the Tennessee Consolidated Cases.

5. On July 1, 2010, Mr. Stranch and I spoke briefly. My recollection of the conversations is that Mr. Stranch was not amenable to a stay and expressed concern as to whether Plaintiff could intervene in Delaware and I reiterated Defendants' belief that a stay was appropriate and that intervention in Delaware was the proper course.

6. Early in the week of July 5, the plaintiffs in the Tennessee Consolidated Cases agreed to stay their proceedings and the Defendants agreed to produce documents to Tennessee state court counsel and to have them participate in the Delaware

depositions. On July 6, 2010, I sent an e-mail to Mr. Stranch informing him of the agreement with the Tennessee plaintiffs. A copy of my July 6, 2010 e-mail (with attachments) is attached as <u>Exhibit 2</u>. In the e-mail, I informed Mr. Stranch of the agreement with the Tennessee plaintiffs and suggested that the parties here agree to a similar order.

7. On July 9, 2010, I had two additional telephone calls with Mr. Stranch. Mr. Stranch informed me that Plaintiff was unwilling to make the same agreement made by the plaintiffs in the Tennessee Consolidated Cases. He proposed that Defendants immediately produce (i.e., that same day) nearly 300,000 pages of documents and agree that Plaintiff's counsel could participate in the Delaware depositions. I told Mr. Stranch that the logistics of such a document production were not feasible, that depositions had already begun in the Delaware Consolidated Cases and were continuing next week. I also told him that I would nevertheless discuss the proposal with the defense team. Mr. Stranch subsequently e-mailed me later in the day and informed me that his client would be filing a motion to expedite discovery early the following week and would seek to set its own discovery schedule.

8. I understand from Mr. Stranch's declaration that he contends that I told him in a conversation the week of June 28 that the Delaware depositions would not begin for two weeks and that he was apparently surprised when informed on July 9 that depositions had already begun. My recollection of our conversations differs from that of Mr. Stranch. I do not recall telling Mr. Stranch that depositions would not start for two weeks. I also do not recall Mr. Stranch expressing any surprise when informed that depositions had begun on July 9.

9. To the extent Mr. Stranch's declaration is intended to suggest that I misled him with respect to Delaware deposition scheduling, intentionally or otherwise, that is not the case. Given the number of attorneys already participating in the Delaware cases, including representatives of the Tennessee state court plaintiffs, Defendants were entirely amenable to Plaintiff's counsel participating so long as a stay was agreed to and the threat of contradictory rulings thereby eliminated. I understood from my last communications with Mr. Stranch that Plaintiff was not agreeable to a stay and intended to proceed in Tennessee federal court and that Defendants, in turn, would await the Court's ruling requesting that the federal action be stayed.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct. Executed this 19th day of July, 2010 at Nashville, Tennessee.

/s W. Travis Parham