## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-cv-00534 |
| | ) | Senior Judge Nixon |
| v. | ) | Magistrate Judge Bryant |
| | ) | |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED INITIAL CASE MANAGEMENT ORDER

As required by Local Rule 11, counsel for the Parties submit to the Court this Proposed Case Management Plan and Order. The Initial Case Management Conference is set for Thursday, July 22, 2010 at 11:00 a.m. Having considered the proposed Initial Case Management Plan and Order and heard the arguments of counsel, the Court enters this Initial Case Management Plan and Order.

### 1. Jurisdiction

Plaintiff asserts that this Court has jurisdiction over this action pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331 because Plaintiff alleges claims arising under Section 14 of the Exchange Act, 15 U.S.C. § 78n. See Amended Complaint, ¶¶ 9 – 10. Plaintiff further asserts

that this Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367. See Amended Complaint, ¶ 11. As set forth in Defendants' Motion to Stay (Doc. Nos. 19 – 20), Defendants contend that the Court should abstain from exercising jurisdiction under the abstention doctrine set forth in Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976).

### 2. Plaintiff's theory of the case:

On May 17, 2010, Psychiatric Solutions, Inc. ("PSI" or the "Company") announced that Universal Health Services, Inc. ("Universal"), through its subsidiary, Olympus Acquisition Corp. ("Olympus"), would acquire the outstanding stock of the Company for a price of $33.75 per share in cash, or approximately $2.0 billion (the "Merger"). This followed months of speculation that PSI would be acquired, following the March 10, 2010 announcement by PSI that third parties had expressed interest in acquiring PSI and that the Company had already formed a Special Committee to consider any potential offers. ¶¶3, 74.[1] This Special Committee, however, was headed by Defendant Grant, the chairman of the very committee that authorized certain lucrative management equity awards, who was also a long-time friend and business associate of Defendant Jacobs, PSI's Chief Executive Officer, the individual who stood to gain the most from the amended change of control provisions. ¶75. The Special Committee then proceeded to negotiate a sale of the Company that included extensive D&O insurance and indemnification provisions for PSI officers and directors. *Id.* The improper equity awards, increased golden parachute payments, and extensive D&O insurance and indemnification provisions cost PSI shareholders the opportunity to maximize the value of their investment in the Company by failing to focus solely and exclusively on the interests of the Class. *Id.*

---

[1] All references herein to "¶___," unless otherwise noted, are to the corresponding paragraphs of the Individual and Amended Class Action Complaint (the "Federal Complaint").

PSI's announcement of the Merger gave rise to the class action litigation before this Court as well as state courts in Tennessee and Delaware, alleging that the members of the board of directors of PSI (the "Individual Defendants" or the "Board") breached their fiduciary duties in connection with the Merger. As alleged in the Complaint, in the fall of 2009, the Individual Defendants began to engage in undisclosed efforts to sell the Company, and were in fact negotiating a potential management led buy-out. ¶50. However, at the same time the Individual Defendants were secretly negotiating the sale of the Company, the PSI Board's Compensation Committee, consisting of Defendants Grant (chairman), Clein and Gore approved tens of millions in increased options and restricted stock grants (more than five times the previous year's level) to senior PSI executives as an incentive plan designed to retain key employees even though the sale would cash out all shareholders and forever terminate their investment in the Company. ¶¶2, 55. These awards were authorized on February 11, 2010, but were not issued until February 26, 2010, setting the price at near the lowest price at which PSI traded in 2010. Moreover, these awards were also "spring loaded" – that is, they were awarded shortly before first announcing that PSI was in discussions with potential buyers, knowing the revelation of such discussions would drive up the Company's stock price. Indeed, following the March 10, 2010 announcement, the value of the Company's stock (and consequently the Awards) rose by 30%. ¶¶2, 56. Not surprisingly, the United States Department of Justice ("DOJ") launched an investigation into these equity awards, and no later than March 31, 2010, PSI received a subpoena from the DOJ. The Company, however, did not reveal that it was being investigated by the DOJ in connection with these equity awards until it filed its quarterly report with the United States Securities and Exchange Commission ("SEC") six weeks later on May 10, 2010. ¶57.

To exacerbate matters, on April 15, 2010, the Compensation Committee also amended the employment agreements with its top executives dramatically increasing the change of control provisions, *i.e.*, "golden parachutes," which entitled executives to lump sum payments that include not only double or triple their base salaries, but also an amount roughly equivalent in value to the outsized equity awards which were then the subject of an active DOJ investigation. ¶¶61-65. All told, as a result of the equity awards and amended change of control provisions, upon a change of control PSI executive will be entitle to severance and equity payments of over $200 million – more than 10% of the Company's total market capitalization – in conjunction with the proposed Merger.

In addition to the breach of fiduciary state claims, however, Plaintiff in this action (and unlike the allegations in the various state proceedings) has alleged individual stockholder claims against Defendants arising out of their multiple violations of §§14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder by the "SEC" in connection with the dissemination of a false and materially misleading preliminary proxy statement filed with the SEC on April 10, 2010 ("April Proxy") which failed to disclose that these management equity awards were currently being investigated by the DOJ and subject to a DOJ subpoena. ¶58. These federal claims provide a unique factual and legal basis for relief to the Company's shareholders not available in the parallel state court proceedings. Indeed, absent timely curative disclosures to the proxy by Defendants, it is likely that Plaintiff will seek to enjoin the merger due to, among other reasons, that the shareholders have been denied access to all material facts needed for them to evaluate the potential merger and exercise an informed voting right.

In short, the Board violated the federal securities laws and breached their fiduciary duties to PSI's public shareholders by disseminating false and misleading information in connection with the proxy statement disseminated to PSI shareholders in the April Proxy. In addition, defendants breached fiduciary duties by entering into the Merger Agreement on these terms following the dissemination of materially misleading proxy materials, or aided and abetted such breaches. The Board members also breached their fiduciary duties by failing to maximize shareholder value prior to entering into the Merger Agreement in order to obtain valuable perquisites for themselves. Plaintiff intends to file an amended complaint to address additional claims that have arisen since the filing of the preliminary proxy in early July.

**3.    Defendants' theory of the case:**

This is a putative shareholder class action arising out of Defendant Psychiatric Solutions, Inc.'s ("PSI") May 17, 2010, announcement that PSI had reached agreement with Defendant Universal Health Services, Inc. ("UHS") for UHS to acquire PSI (the "Merger"). Within days of announcement of the Merger, several different plaintiffs' firms filed multiple complaints, and Defendants were faced with seven lawsuits in several different courts – Williamson County Chancery Court, Davidson County Chancery Court, the Court of Chancery for the State of Delaware, and this Court. As demonstrated in Defendants' Motion to Stay (Doc. Nos. 19 – 20), these lawsuits are functionally identical.

Plaintiff alleges that (a) PSI and certain of its officers and directors breached their fiduciary duties by agreeing to the Merger (Count IV); (b) PSI and certain of its officers and directors breached their fiduciary duties and violated Sections 14(a) and/or 20(a) of the Securities Exchange Act of 1934 because the proxy statement issued in connection with the 2010 annual shareholder meeting was allegedly misleading and/or omitted to disclose information

(Counts I, II, and III); (c) certain of PSI's officers will be unjustly enriched if the Merger is consummated (Count V); and (d) UHS and its subsidiary, Olympus Acquisition Corp., aided and abetted the alleged breaches of fiduciary duty (Count VI).

Plaintiff seeks both to enjoin the Merger and to be awarded compensatory damages. Defendants deny the allegations in this case and believe that Plaintiff's allegations in this case are without merit. Defendants discharged their fiduciary duties in accordance with the applicable standards and the complaint lacks merit for that reason and others.

As set forth in Defendants' Motion to Stay, Defendants request that this action be stayed because (a) this action alleges claims that are functionally identical to those asserted in a parallel proceeding before the Delaware Chancery Court; (b) this action seeks the same relief that the putative class of shareholders seeks in the Delaware action; (c) the Delaware action is more advanced than this one; (d) the issues raised will be decided under Delaware law; (e) the Delaware Chancery Court has recognized expertise in the field of corporate law; and (f) the Delaware action will proceed regardless of whether this case is stayed, rendering any proceedings in this case entirely duplicative of the proceedings in Delaware.

### 4.    Identification of the issues:

Because this case has just commenced, no issues have been resolved. Many of the factual and all of the legal assertions in the complaint are in dispute.

### 5.    Initial Disclosures and Staging of Discovery

Defendants' Position:  As demonstrated in Defendants' opposition to the motion for expedited discovery, it is Defendants' position that this case should be stayed in favor of the parallel action pending in Delaware Chancery Court. Defendants note that Plaintiff has filed a motion for expedited discovery and proceedings.  As will be established in Defendants'

forthcoming opposition to the motion for expedited discovery, Plaintiff's motion should be denied either as moot because a stay should be granted or on the merits. Accordingly, Defendants submit that it is premature to set any discovery or trial deadlines at this stage, and object to the entry of Plaintiff's proposed schedule below.

Plaintiff's Position:

As stated in Plaintiff's Application for expedited discovery and proceedings, the Plaintiff believes that discovery needs to start immediately. This deal is scheduled to close in the 4th quarter and if Plaintiff is to have a meaningful opportunity to conduct discovery and present the Court with a full record on the Preliminary Injunction that Plaintiff intends to request, then discovery must begin immediately. As Plaintiff has already argued in her opposition to the Motion to Stay, this case includes Federal Securities claims that cannot and are not being litigated in Delaware. Plaintiff has requested the following limited discovery documents:

- The minutes (with exhibits/attachments and minutes of other meeting referenced therein) of the meetings of the Board of Directors of PSI or any committee or subcommittee thereof, including all drafts thereof, where there was any discussion of the Merger, the awards and any other potential or actual Offers;

- The documents reviewed by the Individual Defendants or reviewed by any officer, executive, or financial advisor of PSI concerning the Merger, the awards or other proposed or actual Offer;

- The documents concerning any actual or proposed terms of the Merger and/or the Merger Agreement, including, but not limited to, each Merger Agreement contemplated by Universal and PSI, all related exhibits and schedules and all drafts thereof;

- The documents reflecting communications concerning the Merger, the awards or any other potential or actual Offer;

- All appraisals, analyses, opinions, reviews, financial statements, or other documents concerning the financial results, value, fair value, or inherent value of the stock or any of the assets of the business of PSI;

- Documents provided by or to any Defendant and/or any financial institution, accounting firm, auditing firm, investment banking firm, expert to advisor, including, but not limited to, all documents concerning assumptions underlying any analyses, opinions, or projections concerning PSI and any analyses of PSI's financial projections by any financial advisor and the grant of any awards to PSI's officers and/or directors;

- Documents concerning any opinions or presentations made by or on behalf of any investment banking institution, financial institution, financial advisor, appraiser, tax advisor, or accountant to any defendants concerning the Merger, the awards or any proposed or actual Offer;

- The non-public documents given to potential purchasers of PSI regarding the sale of PSI, including, without limitation, bankers' presentations books.

It is believed that responsive documents have already been gathered and that there will be little or no time lag or burden in producing these documents. Additionally, Plaintiff believes that a limited number of depositions of the key decision makers involved in the grant of awards and in the merger will be necessary.

**6. Dispositive motions:**

The Parties agree that it is premature to set a schedule for dispositive motions at this stage.

**7. Other Deadlines:**

The Parties are unaware of any other deadlines that need to be set at this stage.

**8.      Subsequent Case Management Conferences:**

If this case proceeds to discovery, the Parties submit that a case management conference would be useful at that time and approximately sixty (60) days before the close of discovery.

**9.      Alternative Dispute Resolution:**

The Parties submit that a discussion and scheduling of alternative dispute resolution is premature at this stage.  If the need arises, however, the Parties shall promptly inform the Court.

**10.      Electronically Stored Information:**

If this case proceeds to discovery, the Parties intend to reach agreement as to how to conduct electronic discovery and, therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**11.      Target Trial Date:**

Defendants' Position:  Defendants submit that scheduling a trial date would be premature at this stage.  If the case goes to trial, however, it will be a jury trial with an estimated length of ten (10) days.

Plaintiff's Position:  Plaintiff submits that a trial date can be selected now, however, it should follow after the schedule on the Preliminary Injunction hearing that Plaintiff has requested.  Plaintiff agrees that a jury trial of this matter should have an estimated length of 10 days.

IT IS SO ORDERED:

ENTERED this _____ day of _____, 2010.

_____
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:


 /s/ J. Gerard Stranch, IV

J. Gerard Stranch, IV
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
Tel. (615) 254-8801
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Fl.
New York, New York 10017
Tel. (212) 983-9330
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
GARDY & NOTIS, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel. (201) 567-7377

Attorneys for Plaintiff

s/ Travis Parham

W. Travis Parham, BPR 16846
tparham@wallerlaw.com
Paul S. Davidson, BPR 11789
pdavidson@wallerlaw.com
Michael T. Harmon (BPR No. 027279)
mharmon@wallerlaw.com
WALLER LANSDEN DORTCH
& DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Tel. (615) 244-6380

Attorneys for Defendants Psychiatric
Solutions, Inc., Joey A. Jacobs, Mark P.
Clein, David M. Dill, Richard D. Gore,
Christopher Grant, Jr., William M. Petrie,
Edward K. Wissing

Todd R. David
todd.david@alston.com
Jessica Corley
Jessica.corley@alston.com
Lisa R. Bugni
lisa.bugni@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424

Attorneys for Defendants Psychiatric
Solutions, Inc., Joey A. Jacobs and William
M. Petrie


 /s/ John S. Hicks

John S. Hicks
jhicks@bakerdonelson.com
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee  37201

Gary A. Bornstein
gbornstein@cravath.com
Francis P. Barron
fbarron@cravath.com
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Attorneys for Defendants Universal Health
Services, Inc. and Olympus Acquisition
Corp.

Alan S. Goudiss
agoudiss@shearman.com
H. Miriam Farber Gorman
mfarber@shearman.com
SHEARMAN & STERLING
599 Lexington Avenue
New York, New York 10022

Attorneys for Defendants Mark P. Clein,
David M. Dill, Richard D. Gore,
Christopher Grant, Jr., and Edward K.
Wissing

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2010, a true and correct copy of the foregoing document was served on the following via the Court's CM/ECF Electronic Filing System:


Gary Bornstein
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
gbornstein@cravath.com
Ph: (212) 474-1084

*Attorneys for Defendants Universal Health Services, Inc. and Olympus Acquisition Corp.*

Travis Parham, Esq.
WALLER, LANSDEN, DORTCH &
511 Union St., Ste. 2700
Nashville, TN 37219
Travis.parham@wallerlaw.com
Ph: 615-244-6380
Fx: 615-244-6804

*Attorney for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grants, Jr., William M. Petrie, Edward K. Wissing, Christopher L. Howard, Ronald M. Fincher, Jack E. Polson, and Brent Turner*


John S. Hicks
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC-Nashville
Commerce Center
211 Commerce Street
Suite 800
Nashville, TN 37201
(615) 726-5600
Email: jhicks@bakerdonelson.com

*Attorneys for Defendants Universal Health Services, Inc. and Olympus Acquisition Corp.*

Lisa R. Bugni
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
Fax: (404) 253-8359
Email: lisa.bugni@alston.com

*Attorney for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Christopher L. Howard, Ronald M. Fincher, Jack E. Polson and Brent Turner*


Francis P. Barron
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1506
Email: fbarron@cravath.com

Todd Richard David
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
Fax: (404) 881-7777
Email: todd.david@alston.com

*Attorney for Defendants Universal Health Services, Inc. and Olympus Acquisition Corp.*

Alan Steven Goudiss
SHEARMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000
Fax: (646) 848-4906
Email: agoudiss@shearman.com

*Attorney for Defendants Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr. and Edward K. Wissing*

H. Miriam Farber Gorman
SHEARMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-5156
Fax: (646) 848-5156
Email: mfarber@shearman.com

*Attorney for Defendants Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr. and Edward K. Wissing*

*Attorney for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Christopher L. Howard, Ronald M. Fincher, Jack E. Polson and Brent Turner*

Jessica Perry Corley
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
Fax: (404) 881-7777
Email: jessica.corley@alston.com

*Attorney for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Christopher L. Howard, Ronald M. Fincher, Jack E. Polson and Brent Turner*

On this 20th day of July, 2010      /s/ J. Gerard Stranch, IV

         J. Gerard Stranch, IV