# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ALISHA ROSINEK, Individually As To Counts I and II and on Behalf of Herself and All Other Similarly Situated Shareholders of PSYCHIATRIC SOLUTIONS, INC. as to All Other Counts,<br><br>Plaintiff,<br><br>v.<br><br>PSYCHIATRIC SOLUTIONS INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER; CHRISTOPHER L. HOWARD, JACK E. POLSON and BRENT TURNER,<br><br>Defendants. | Case No. 3:10-cv-534 |

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Alisha Rosinek respectfully moves this Court for leave to amend her complaint. A copy of the proposed amended pleading is attached hereto as Exhibit A.

The grounds for this Motion, as set forth more fully in the accompanying memorandum in support thereof, are as follows (while preserving the substantive claims adduced in the original complaint):

1.      Plaintiff asserts claims pursuant to Sections 14 and 20(a) of the Exchange Act, 15 U.S.C. §78n and §78t based in part on the allegations that the Individual Defendants and Psychiatric Solutions, Inc. ("PSI") issued two proxy statements which contain false and misleading information—the first on April 10, 2010, a Definitive 14A proxy statement (the

"April Proxy") filed with the United States Securities and Exchange Commission (the "SEC") for an annual shareholder meeting scheduled for May 18, 2010, and the second, a preliminary proxy statement on Schedule 14A on July 2, 2010 (the "Merger Proxy") filed in connection with proposed sale of PSI to Universal Health Services, Inc. ("UHS") for $33.75 cash per share announced on May 17, 2010.

2.     Exhibit A contains additional critical facts regarding the failure to include critical information in the Merger Proxy.  As set forth therein, the Merger Proxy fails to disclose material information necessary for PSI shareholders to be fully informed in connection with casting their vote in connection with the Proposed Merger, including:

a.     whether the Board was first advised on March 2, 2010 that PSI management had been engaged in a possible sale of the Company since 2007;

b.     the existence of projected financial information regularly prepared by PSI management in the normal course of the business, other than the five year projections created at the request of the Special Committee on March 12, 2010;

c.     the "sensitivity adjustments" made to PSI management's preliminary five-year plan by both Goldman Sachs and the Special Committee as discussed on March 24, March 31, and April 7, 2010;

d.     the criteria used by Goldman Sachs to identify 19 potential buyers as discussed with the Special Committee in April 9, 2010, and whether that list included the unsolicited contacts made to PSI after the Company announced in March that it had been contacted by interested parties;

e.     the reasons the Special Committee initially appeared to favor the "co-bidders" referenced in the Merger Proxy during the sale process, despite the fact the co-bidders initially submitted a lower range of value for PSI;

f.     the nature of the "provisions relating to the certainty of closing and remedies" which the Special Committee considered on May 14, 2010 with respect to the draft merger agreements submitted by the various interested bidders;

g.     the fact that Goldman Sachs never applied the multiples it derived from its various analyses to PSI and thus, no specific value is attributable to PSI;

h.     the explanation why Goldman Sachs had similar tables in each of its Analysis of Implied Premium and Multiples and Selected Companies Analysis, but with different multiples for the same companies;

i.     how Goldman Sachs derived its discount rates of 10.5 – 12% and price to earnings multiples of 9.0x to 13.0x in its Illustrative Discounted Cash Flow Analysis;

j.     how Goldman Sachs derived discount rates of 7.5 to 9.0% in its Illustrative Discounted Cash Flow Analysis;

k.     how Goldman Sachs defines "unlevered free cash flows" for purposes of the Illustrative Discounted Cash Flow Analysis and whether stock-based compensation has been included as an expense;

l.     how Goldman Sachs calculated implied EBITDA multiples in its Illustrative Discounted Cash Flow Analysis;

m.     the individual multiples derived by Goldman Sachs on each transaction included in its Selected Precedent Transactions Analysis, and how Goldman Sachs determined, based on these metrics, that the price in the Proposed Merger was fair;

n.     the actual unlevered free cash flow numbers for the Company's projected financial information for 2010 through 2015; and

o.     the amount of fees payable to Goldman Sachs which are contingent upon consummation of the Proposed Merger.

3.    The proposed Individual and Second Amended Class Action Complaint will not prejudice the defendants and will not unduly delay resolution of the dispute.

Therefore, Plaintiff respectfully submits, this Court should grant the requested leave to amend the complaint and accept for filing her proposed Individual and Second Amended Class Action Complaint.

Dated: July 20, 2010

Respectfully submitted

By: _/s/ J. Gerard Stranch, IV_____
J. Gerard Stranch, IV (BPR#023045)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Tel: 615-254-8801
Fax: 615-255-5419
gstranch@branstetterlaw.com

*Attorneys for the Plaintiff*

OF COUNSEL:

FARUQI & FARUQI, LLP
Nadeem Faruqi
Emily C. Komlossy
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

GARDY & NOTIS, LLP
Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2010, a true and correct copy of the foregoing document was served on the following via email through the Court's CM/ECF system:

Gary Bornstein
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
gbornstein@cravath.com
Ph: (212) 474-1084

*Attorney for Olympus Acquisition Corporation and Universal Health Services, Inc.*

Travis Parham, Esq.
WALLER, LANSDEN, DORTCH &
    DAVIS, LLP
511 Union St., Ste. 2700
Nashville, TN 37219
Travis.parham@wallerlaw.com
Ph: 615-244-6380
Fx: 615-244-6804

*Attorney for Defendants Psychiatric Solutions Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson and Brent Turner*

On this 20th day of July, 2010        /s/  J. Gerard Stranch, IV