| | |
|---|---|
| ALISHA ROSINEK, Individually As To Counts I and II and on Behalf of Herself and All Other Similarly Situated Shareholders of PSYCHIATRIC SOLUTIONS, INC. as to All Other Counts,<br><br>Plaintiff,<br><br>v.<br><br>PSYCHIATRIC SOLUTIONS INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER; CHRISTOPHER L. HOWARD, JACK E. POLSON and BRENT TURNER,<br><br>Defendants. | Case No. 3:10-cv-534 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Alisha Rosinek (the "Plaintiff") hereby submits this memorandum in support of her motion to amend the Amended Complaint (the "AC") (Doc. 17).

### INTRODUCTION

Plaintiff seeks leave to amend her Complaint based in part on the allegations that the Individual Defendants[1] and Psychiatric Solutions, Inc. ("PSI") issued a second proxy statement which contains false and misleading information—a proxy statement on Schedule 14A filed on July 2, 2010 (the "Merger Proxy") in connection with the proposed sale of PSI to Universal

---

[1] All references herein, unless otherwise noted, are the same as Plaintiff's proposed Individual and Second Amended Class Action Complaint (the "SAC"), attached hereto as Exhibit A.

Health Services, Inc. ("UHS") for $33.75 cash per share announced on May 17, 2010 (the "Proposed Merger").

The AC and the SAC both address claims relating to violations of the federal securities laws and breaches of fiduciary duties and failure to disclose material information relating to the Proposed Merger. Based on the Merger Proxy nondisclosures, Plaintiff seeks leave to amend the AC to add the false and misleading statement claims. This is Plaintiff's first motion for leave to amend, the proposed amendment is not futile, and Defendants will not be burdened by the amendment.

## ARGUMENT

### I. THE RULES LIBERALLY PERMIT AMENDMENTS

After a responsive pleading has been filed, a party may amend the complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotations omitted).

"Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. GMC*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd*., 259 F.3d 452, 459 (6th Cir. 2001)).

Some of these factors carry greater weight than others. "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are

critical factors in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458-59 (quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (per curiam)).

## II. THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

All of the relevant factors support Plaintiff's Motion. The notice given to Defendants and the absence of prejudice dictate that the amendment is proper, and the other factors simply reinforce that conclusion.

First, Defendants had advance notice of the proposed amendment. Plaintiff wishes to add disclosure claims following the filing of the Merger Proxy, which claims relate to the Proposed Merger discussed in the AC. Thus, the new factual allegations build upon the same causes of action. Given the close ties between the claims made in the AC and the SAC, Defendants had knowledge or notice of the possibility that Plaintiff would amend her pleading to add these additional claims.

Second, the amendment will not cause prejudice to Defendants. A technical addition to the plaintiff's theory of the case or the underlying facts typically will not entail enough prejudice to warrant the denial of a motion to amend. *Jarrett v. Epperly*, 896 F.2d 1013, 1020 (6th Cir. 1990). Prejudice usually arises where a party seeks to amend after the discovery deadline. *See*, *e.g.*, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898-99 (6th Cir. 2006); *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Here, the amendment is made before any discovery cutoff and any discovery relating to the amendment will relate to the claims made already. The limited additional discovery, if any, will not require significant resources from

Defendants, since Defendants presumably have been retrieving and reviewing documents related to the Proposed Merger in response to Plaintiff's discovery requests. Regardless, even if Defendants suggest they may somehow be prejudiced by producing a limited amount of additional discovery, the burden of undertaking discovery, standing alone, does not suffice to warrant a denial of a motion to amend a pleading. *See U.S. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989).

Third, Plaintiff has not unduly delayed this request to amend. Delay becomes "undue" when it places an unwarranted burden on the Court. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). The proposed amendment will not create any such burden. This case in the early stages and permitting the amendment itself will not interfere with the discovery here or the ordinary course of litigation. Furthermore, the Court has not made a ruling on the merits that would have to be revisited because of the proposed amendment.

Fourth, Plaintiff does not bring this Motion in bad faith. The Merger Proxy was filed on July 2, 2010 and Plaintiff consulted with valuation expert. Thus, Plaintiff has not brought this amendment in bad faith.

Fifth, the record does not show a repeated failure to cure deficiencies by previous amendment. Plaintiff has not sought to amend before this.

Sixth, the proposed amendment is not futile. "[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Plaintiff has properly pled claims pursuant to Sections 14 and 20(a) of the Exchange Act, 15 U.S.C. §78n and §78t and breaches of fiduciary duties and unjust enrichment claims in the AC. Now, in addition and related to the Proposed Merger, Plaintiff alleges claims alleging that he Individual Defendants and PSI issued the Merger Proxy contains

201519.DOC 4
Case 3:10-cv-00534 Document 61 Filed 07/20/10 Page 4 of 7 PageID #: 625

false and misleading information and fails to disclose material information to PSI shareholders. The Rules expressly allow a plaintiff to plead multiple claims alternatively. Fed. R. Civ. P. 8(d)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to amend and direct the Clerk to file the SAC.

Dated: July 20, 2010

Respectfully submitted

By: /s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BPR#023045)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Tel: 615-254-8801
Fax: 615-255-5419
gstranch@branstetterlaw.com

*Attorneys for the Plaintiff*

OF COUNSEL:

FARUQI & FARUQI, LLP
Nadeem Faruqi
Emily C. Komlossy
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

GARDY & NOTIS, LLP
Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2010, a true and correct copy of the foregoing document was served on the following via email through the Court's CM/ECF system:

Gary Bornstein
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
gbornstein@cravath.com
Ph: (212) 474-1084

*Attorney for Olympus Acquisition Corporation and Universal Health Services, Inc.*

Travis Parham, Esq.
WALLER, LANSDEN, DORTCH & DAVIS, LLP
511 Union St., Ste. 2700
Nashville, TN 37219
Travis.parham@wallerlaw.com
Ph: 615-244-6380
Fx: 615-244-6804

*Attorney for Defendants Psychiatric Solutions Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson and Brent Turner*

On this 20th day of July, 2010                   /s/ J. Gerard Stranch, IV