EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-00534 Senior Judge Nixon |
| v. | ) ) | Magistrate Judge Bryant |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION TO STAY**

Defendants Psychiatric Solutions, Inc. ("PSI" or the "Company"), Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner (the "Individual Defendants") (PSI and the Individual Defendants will be collectively referred to as the "PSI Affiliates") and Defendants Universal Health Services, Inc. ("Universal") and Olympus Acquisition Corp. (collectively the "Universal Affiliates") (the PSI Affiliates and the Universal Affiliates will be collectively referred to as the "Defendants") submit this Memorandum of Law in further support of Defendants' motion to stay (DE # 18).

## ARGUMENT

As explained in Defendants' motion to stay, this case should be stayed because (a) a virtually identical shareholder class action is pending in Delaware,[1] whose law controls here, and (b) an expedited discovery schedule has already been entered in the Delaware action, resulting in the Delaware action proceeding substantially further than this action. In other words, expedited discovery for the same claims is being prosecuted (and is almost complete) on behalf of the same putative class in Delaware. In light of the decision in In re Topps Co. S'holder Litig., 924 A.2d 951 (Del. Ch. 2007),[2] and the aggressive schedule already in place in Delaware, the Delaware action will proceed regardless of whether a stay is entered here. Any proceedings in this case would be entirely duplicative of the proceedings in Delaware.

On May 17, 2010, PSI announced it had reached agreement with Universal for Universal to acquire PSI for $3.1 billion (the "Merger"). Within days of announcement of the Merger, several different plaintiffs' firms filed multiple complaints, and Defendants were faced with seven lawsuits in several different courts – Williamson County Chancery Court, Davidson County Chancery Court, the Court of Chancery for the State of Delaware, and this Court. As demonstrated in Defendants' motion to stay, these lawsuits are functionally identical.

The plaintiffs in the Delaware actions filed a motion for expedited proceedings on June 4, 2010, and, on June 7, 2010, Chancellor Chandler held a telephonic hearing and ordered the parties to reach agreement on a discovery schedule that would allow the parties time to prepare

---

[1]   In re Psychiatric Solutions, Inc. Shareholders Litigation; Consolidated C.A. No. 5514-CC (Delaware Court of Chancery)

[2]   The Topps Court refused to dismiss or stay a putative shareholder class action challenging a merger in favor of an identical lawsuit pending in New York where the defendant was a Delaware corporation because the Delaware Court had a "compelling public policy interest" in "promoting an efficient and predictable corporation law" that governs the corporations chartered in Delaware. Id. at 958 - 59.

for a prompt hearing. Thus, the Delaware cases are on a more aggressive litigation schedule than the case pending in this Court. For example, pursuant to the schedule ordered by Chancellor Chandler, the parties have completed their respective document productions; completed all but one of the depositions of fact witnesses; depositions of expert witnesses are to be completed by July 23, 2010; and there is a hearing scheduled for August 5, 2010. If the Court so desires, Defendants can provide regular updates to the Court as to the status of the Delaware proceedings.

Defendants sought a stay of this action to avoid costly and duplicative litigation and the risk of an inconsistent ruling, especially on the competing claims to enjoin the Merger. A stay of this action in favor of the Delaware action is the proper remedy in such circumstances. See, e.g., Iron Workers' of Western Pa. Pension Plan v. Caremark Rx, Inc., No. 3:06-1097, 2007 WL 60927 (M.D. Tenn. 2007) (copy filed previously). Attempting to avoid this rule of law, Plaintiff mischaracterizes her own complaint as one that focuses on the alleged omissions in the Company's April 8, 2010, proxy statement (the "Proxy) soliciting a shareholder vote on, among other things, the issuance of additional shares to fund the Company's equity incentive plan. See generally Plaintiff's Opposition ("Pl. Opp.") (DE # 47). But Plaintiff's recent filing requesting expedited discovery for an anticipated motion to enjoin the Merger makes clear that Plaintiff's focus is really on enjoining the Merger, the exact same relief requested in the Delaware action. See Docket Entry Nos. 49 – 51.[3]

Beyond that, Plaintiff opposes the motion to stay by asserting that (a) the claims in this case are somehow different because Plaintiff alleges a direct claim for omissions in the Proxy, whereas the Delaware Plaintiffs allege derivative claims for omissions in the Proxy (Pl. Opp. at p. 12); and (b) Delaware Plaintiffs cannot maintain a class action in Delaware Chancery Court

---

[3] As explained in Defendants' opposition to Plaintiff's motion for expedited discovery filed on July 19, 2010, the motion should be denied as moot and on the merits.

3825102.1                                                                  - 3 -
Case 3:10-cv-00534 Document 66 Filed 07/23/10 Page 3 of 9 PageID #: 645

for omissions in the Proxy because the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb, vests exclusive jurisdiction over those claims in federal court (Pl. Opp. at p. 10). As explained below, Plaintiff is wrong on both fronts.

### A. The Claims In The Two Actions Are Functionally Identical

Plaintiff wrongly asserts that the claim for alleged misrepresentations and omissions in the Proxy asserted in Delaware is a derivative claim. The ***very first*** count in the Consolidated Complaint filed in Delaware is a **direct** claim for breach of fiduciary duty based on alleged misrepresentations and omissions in the Proxy. See Consolidated Complaint, filed herewith as Exhibit A to the contemporaneous Notice of Filing Evidentiary Material (the "Evidentiary Notice"), at p. 29. Thus, both this action and the Delaware action assert direct claims against Defendants arising out of alleged misrepresentations and omissions in the Proxy.

Plaintiff asserts that her claim for alleged misrepresentations and omissions in the Proxy is different because it is brought under Section 14(a) of the Securities Exchange Act, whereas the claim in the Delaware action is brought under Delaware common law. As Defendants established in their opening brief, however, this technical pleading distinction does not justify requiring Defendants to proceed with two parallel actions. See Docket Entry No. 19 at pp. 10 – 13.

The inquiry in analyzing a stay request is not the title a plaintiff has assigned to her claim, but whether the issues are substantially identical and the relief requested essentially the same. Int'l Jensen Inc. v. Emerson Radio Corp., No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) (copy filed previously). As the Jensen Court held, a Section 14(a) claim like the one Plaintiff asserts here is substantially identical to a Delaware common law claim based on alleged

misstatements or omissions in a proxy. Id. at *4. And the relief that Plaintiff seeks here is undeniably the same relief sought in the Delaware action.

Thus, the fact that Plaintiff assigned a different title to her claims for alleged misrepresentations and omissions in the Proxy does not defeat Defendants' request for a stay. Consistent with the holding reached in Jensen, the Court should grant Defendants' motion to stay in favor of the class action proceeding in Delaware. Id. at *7.

### B. The Delaware Court Has Jurisdiction Over The Proxy Claim

Plaintiff next asserts that even though the Delaware Plaintiffs have alleged misrepresentations and omissions in the Proxy, the Delaware Chancery Court does not have jurisdiction over those claims because SLUSA vests the federal court with exclusive jurisdiction. Plaintiff, however, fails to advise the Court of an applicable exception to SLUSA.

SLUSA contains an exception known as the "Delaware carve-out" that exempts class actions based on the statutory or common law of the security issuer's state of incorporation. See Ind. Elec. Workers Pension Trust Fund v. Millard, No. 07 Civ. 172 (JGK), 2007 WL 2141697 (S.D.N.Y. July 25, 2007) (copy filed herewith). If the Delaware carve-out applies, then the claim may properly be adjudicated by a state court such as the Delaware Chancery Court. Id. at *3.

Under the applicable Delaware carve-out, a class action is exempt from SLUSA's preemption rules "if it involves … any recommendation, position, or other communication with respect to the sale of securities of an issuer that – (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (bb) concerns decisions of such equity holders **with respect to voting their securities** …." 15 U.S.C. § 78bb(f)(3)(A) (emphasis added).

The claim at issue here fits squarely within this exception because (a) it involves the Proxy, which is a communication made by PSI; and (b) the Proxy recommends that PSI's shareholders vote their securities in favor of the issuance of additional shares for the purpose of granting stock options.

Plaintiff cannot seriously assert that the Delaware carve-out does not apply because "the case law conclusively demonstrates that the carve-out does apply where, as here, the corporation issues proxy statements requesting that shareholders vote to issue more shares for the purpose of granting stock options." <u>Huang v. Reyes</u>, No. C 07-5950 CRB, 2008 WL 648519, *5 (N.D. Cal. Mar. 6, 2008) (copy filed herewith). Accordingly, the Delaware Chancery Court has jurisdiction to adjudicate the putative class claims for alleged misrepresentations and omissions in the Proxy.

## **CONCLUSION**

The claims in this case are functionally identical to the claims being litigated on an expedited discovery schedule in Delaware and the Delaware court has jurisdiction to hear such claims. Defendants' motion to stay should accordingly be granted because (a) the Delaware action is more advanced than this one; (b) the two actions raise the same claims and seek the same relief; (c) the issues raised will be decided under Delaware law; (d) the Delaware Chancery Court has recognized expertise in the field of corporate law; and (e) the Delaware action will proceed regardless of whether this case is stayed (see <u>Topps</u>, 924 A.2d at 961).

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s W. Travis Parham
W. Travis Parham (BPR 16846)
tparham@wallerlaw.com
Paul S. Davidson (BPR 11789)
pdavidson@wallerlaw.com
Michael T. Harmon (BPR 27279)
mharmon@wallerlaw.com
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Attorneys for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Todd R. David
todd.david@alston.com
Jessica Corley
Jessica.corley@alston.com
Lisa R. Bugni
lisa.bugni@alston.com
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Attorneys for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Alan S. Goudiss
agoudiss@shearman.com
H. Miriam Farber Gorman
mfarber@shearman.com
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022

Attorneys for Defendants Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

/s John S. Hicks
John S. Hicks
jhicks@bakerdonelson.com
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201

Gary A. Bornstein
gbornstein@cravath.com
Max R. Shulman
mshulman@cravath.com
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Attorneys for Defendants Universal Health Services, Inc. and Olympus Acquisition Corp.

## CERTIFICATE OF SERVICE

I certify that on July 19, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

Attorneys for Plaintiff

This 19th day of July, 2010.

/s W. Travis Parham