UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., ) ) ) ) ) | |
| Plaintiff, ) | Case No. 3:10-cv-00534 |
| ) | Senior Judge Nixon |
| v. ) | Magistrate Judge Bryant |
| ) | |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## JOINT MOTION FOR
## ENTRY OF AGREED PROTECTIVE ORDERS

Plaintiff Alisha Rosinek, Defendants Psychiatric Solutions, Inc. ("PSI" or the "Company"), Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner (the "Individual Defendants") (PSI and the Individual Defendants will be collectively referred to as the "PSI Affiliates") and Defendants Universal Health Services, Inc. ("Universal") and Olympus Acquisition

Corp. (collectively the "Universal Affiliates") (the PSI Affiliates and the Universal Affiliates will be collectively referred to as the "Defendants") hereby jointly move for the entry of two Agreed Protective Orders. As grounds for this Motion, the parties state:

1) Plaintiff has served written discovery in the above-captioned action (the "Litigation") seeking documents and information relating to a proposed merger between PSI and Universal and relating to certain PSI executive compensation decisions, including but not limited to documents containing highly sensitive and confidential business and personal information (the "Confidential Business Documents") and documents produced by PSI to the United States Department of Justice (the "DOJ") in response to two separate subpoenas dated March 4, 2010 (the "DOJ Documents");

2) Because the Confidential Business Documents and the DOJ Documents were gathered in a different fashion and for different purposes, production of the Confidential Business Documents and production of the DOJ Documents raise different issues and the Parties propose for these reasons having separate protective orders for each, to wit: (a) a Stipulation and Agreed Order Governing the Protection and Exchange of Confidential Material; and (b) a Stipulation and Agreed Order Governing Production of the DOJ Documents;

3) With respect to the Confidential Business Documents, discovery proceedings in the Litigation will necessarily involve the production of information and documents that the Parties believe to be confidential and which include sensitive commercial, financial, business or personal information;

4) With respect to the DOJ Documents:

a) Some of the DOJ Documents contain "protected health information" ("PHI"), as defined under the Health Insurance Portability and Accountability Act ("HIPAA") and its attendant regulations;

b) PSI is prohibited from disclosing documents containing PHI unless such disclosures are consistent with HIPAA, and entry of this stipulation and order will ensure that production of the DOJ Documents complies with HIPAA and its attendant regulations;

c) PSI utilized keyword search terms (*e.g.*, the names of relevant counsel and law firms), analytical software tools and/or other reasonable means to locate and attempt to exclude potentially privileged materials prior to the production of the DOJ Documents; however, PSI did not conduct a full document-by-document review of the DOJ Documents prior to production;

d) It will promote the efficient, just, and economical resolution of this Litigation by entering into a stipulation and order regarding production of the DOJ Documents in this Litigation (the "Clawback Order");

e) The volume of the DOJ Documents (approximately 240,000 pages) is of a magnitude that a document-by-document review of documents prior to production would cause substantial delay and would be unduly burdensome;

f) The Parties believe that permitting production of the DOJ Documents pursuant to a Clawback Order, without the necessity of a full

document-by-document review by PSI prior to production, will materially reduce the cost and duration of discovery, and the attendant burdens on the Parties;

5) For the reasons set forth above, good cause exists for entry of the protective orders filed contemporaneously herewith and the Parties respectfully request the same.

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

Respectfully submitted,

BRANSTETTER, STRANCH & JENNINGS, PLLC

By: /s J. Gerard Stranch, IV
J. Gerard Stranch, IV
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
nfaruqi@faruquilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

Attorneys for Plaintiff, Alisha Rosinek

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s W. Travis Parham
W. Travis Parham (BPR 16846)
Paul S. Davidson (BPR 11789)
Michael T. Harmon (BPR 27279)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
tparham@wallerlaw.com
pdavidson@wallerlaw.com
mharmon@wallerlaw.com

Attorneys for Defendants, Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Todd R. David
Jessica Corley
Lisa R. Bugni
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com
jessica.corley@alston.com
lisa.bugni@alston.com

Attorneys for Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Alan S. Goudiss
H. Miriam Farber Gorman
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022
agoudiss@shearman.com
mfarber@shearman.com

Attorneys for Defendants, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.

By: /s John S. Hicks
John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street, Suite 800
Nashville, Tennessee 37201

Gary A. Bornstein
Max R. Shulman
Francis P. Barron
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
gbornstein@cravath.com
mshulman@cravath.com
fbarron@cravath.com

Attorneys for Defendants, Universal Health Services, Inc. and Olympus Acquisition Corp.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties referenced in the signature line above. Parties may access this filing through the Court's electronic filing system.

This 30th day of July, 2010.

/s W. Travis Parham