UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, <br><br> Defendants. | Case No. 3:10-cv-00534 <br> Senior Judge Nixon <br> Magistrate Judge Bryant |

**STIPULATION AND [PROPOSED] AGREED ORDER GOVERNING
PRODUCTION OF THE DOJ DOCUMENTS**

WHEREAS, Plaintiff has requested copies of the documents produced to the United States Department of Justice (the "DOJ") in response to two separate subpoenas to Psychiatric Solutions, Inc. ("PSI"), dated March 4, 2010 (the "DOJ Documents");

WHEREAS, some of the DOJ Documents may contain "protected health information" ("PHI"), as defined under the Health Insurance Portability and Accountability Act ("HIPAA") and its attendant regulations;

WHEREAS, PSI is prohibited from disclosing documents containing PHI unless such disclosures are consistent with HIPAA, and entry of this stipulation and order will ensure that production of the DOJ Documents complies with HIPAA and its attendant regulations;

WHEREAS, PSI utilized keyword search terms (*e.g.*, the names of relevant counsel and law firms), analytical software tools and/or other reasonable means to locate and attempt to exclude potentially privileged materials prior to the production of the DOJ Documents; however, PSI did not conduct a full document-by-document review of the DOJ Documents prior to production;

WHEREAS, the Parties[1] believe that it will promote the efficient, just, and economical resolution of this Litigation to supplement the Confidentiality Stipulation by entering into this stipulation and order (the "Clawback Order") regarding production of the DOJ Documents in this Litigation;

WHEREAS, the volume of the DOJ Documents (approximately 240,000 pages) is of a magnitude that a document-by-document review of documents prior to production would cause substantial delay and would be unduly burdensome on PSI;

WHEREAS, the Parties believe that permitting production of the DOJ Documents pursuant to this Clawback Order, without the necessity of a full document-by-document

---

[1] Unless otherwise defined, capitalized terms herein have the meanings assigned in the Stipulation and Agreed Order Governing the Protection and Exchange of Confidential Material filed simultaneously in this Litigation (the "Confidentiality Stipulation").

review by PSI prior to production, will materially reduce the cost and duration of discovery, and the attendant burdens on the Parties;

WHEREAS, adopting the approach set forth herein may result in the inadvertent disclosure of Discovery Material that is subject to a claim of attorney-client, work product and/or other applicable privilege or immunity (collectively, "Privileged Discovery Materials"), as well as the disclosure of other materials irrelevant to this Litigation ("Irrelevant Materials"); and

WHEREAS, the Parties understand and stipulate that disclosure of Privileged Discovery Materials pursuant to this Clawback Order will not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client, work product or other applicable privilege or immunity, under the law;

IT IS HEREBY STIPULATED, AGREED AND ORDERED:

1. PSI shall produce the DOJ Documents as "Clawback Discovery Material" under the terms of this Clawback Order. To the extent that the DOJ Documents contain PHI, PSI is hereby ordered and authorized to produce such PHI in this Litigation under the terms of this Clawback Order. This Stipulation and Order is issued in accordance with HIPAA regulations, *see* 45 C.F.R. § 164.512(e).

2. PSI shall not be obligated to conduct a document-by-document review of the Clawback Discovery Material prior to its production; <u>provided</u> <u>however</u>, that PSI shall have previously utilized keyword search terms (*e.g.*, the names of counsel and law firms for the Producing Party), analytical software tools and/or other reasonable means to

locate and exclude potentially Privileged Discovery Materials prior to production of the Clawback Discovery Material. Any potentially Privileged Discovery Materials so excluded shall be reviewed by PSI and, if such material is responsive and non-objectionable, either (i) produced (if such material is not deemed Privileged Discovery Material), or (ii) placed onto PSI's privilege log (if such material is deemed Privileged Discovery Material) when and as such privilege log is provided to the DOJ or is prepared in this case in the normal course of discovery. If PSI complies with this paragraph, it shall be deemed to have implemented adequate precautions to prevent inadvertent disclosure of any Privileged Discovery Materials produced as Clawback Discovery Material.

3. Unless otherwise agreed by the Parties, the designation of Discovery Material as Clawback Discovery Material may be made in a manner consistent with paragraph 4 of the Confidentiality Stipulation. The bates label prefixes PSI_PERS_0000000 and PSI_STOCK_0000000 shall be used for the production of the DOJ Documents and the Parties agree that all documents bearing such bates labels shall be deemed subject to and protected under this order.

4. Unless otherwise agreed by the Parties, Clawback Discovery Material shall be produced in an electronically searchable format.

5. Clawback Discovery Material shall be deemed Highly Confidential Discovery Material under the simultaneously submitted Confidentiality Stipulation and the provisions of paragraph 25 with regard to objections to a confidentiality designation shall

apply; provided however, that Clawback Discovery Material shall not be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the persons identified in paragraph 7(E) of the Confidentiality Stipulation (*i.e.,* "the Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom"), except for court reporters transcribing any deposition in this Litigation, unless PSI is first provided with reasonable notice of the intent to use the document and an opportunity to claim that the Clawback Discovery Material in question constitutes Inadvertent Production Material.

6. Disclosure of Privileged Discovery Materials in this Litigation pursuant to this Clawback Order shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity. Any Privileged Discovery Materials produced as Clawback Discovery Material shall be deemed to have been inadvertently produced.

> A. A party who receives a document designated as Clawback Discovery Material that, upon review by such party, appears on its face to be Privileged Discovery Material shall: (i) refrain from any further examination or disclosure of such document pending confirmation by PSI that such document is not Privileged Discovery Material; and (ii) provide reasonably prompt written notice to counsel for PSI that such document appears to be Privileged Discovery Material. Upon receiving a written notice contemplated by the preceding sentence, PSI shall

provide reasonably prompt written notice to the requesting party indicating whether the document in question constitutes Inadvertent Production Material.

B. PSI shall be obligated to make a reasonably prompt claim of inadvertent production with respect to a document designated as Clawback Discovery Material upon the earlier of: (i) receiving notice under the preceding paragraph concerning such document, or (ii) otherwise becoming aware of the inadvertent production of such document. If PSI complies with this paragraph, it shall be deemed to have acted timely and adequately to rectify any inadvertent disclosure of Privileged Discovery Materials produced as Clawback Discovery Material.

C. The procedures set forth in paragraph 18 of the Confidentiality Stipulation shall apply to any Clawback Discovery Material which is claimed to be Inadvertent Production Material. In the event that there is a dispute concerning whether a brief (or draft thereof) contains Clawback Discovery Material that is Inadvertent Production Material, then:

    1) notwithstanding the foregoing, any briefs containing Clawback Discovery Material shall be served upon counsel in accordance with any then agreed-upon schedule and a notice shall be filed with the Court of the service and setting forth generally the nature of the dispute;

    2) absent further order of the Court, any brief containing such material shall not be filed with the Court prior to its resolution of any dispute regarding the appropriate scope of protection;

3) The Parties shall promptly seek to have the Court resolve the dispute, in accordance with the terms of the Confidentiality Stipulation.

D. PSI shall timely log any Clawback Discovery Material that is claimed to be Inadvertent Production Material, consistent with the rules of this Court.

7. Nothing in this Clawback Order shall:

A. require PSI to produce or disclose any Privileged Discovery Materials;

B. require PSI to produce any documents or data other than the DOJ Documents as Clawback Discovery Material;

C. modify the Confidentiality Stipulation, unless expressly stated herein; or

D. except as expressly stated herein, modify any prior agreements among the Parties concerning the conduct of discovery in this Litigation, including but not limited to agreements regarding the collection of Discovery Material from certain custodians or the use of search terms to identify potentially responsive documents.

8. The Parties agree that any violation of this Clawback Order shall result in irreparable harm for which there is no adequate remedy at law. The Parties further agree that any Party shall be entitled to injunctive relief to enforce the terms hereof.

9. In the event additional parties join or are joined in the Litigation, they shall not have access to Clawback Discovery Material until the newly-joined party by its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Clawback Order.

10. The Parties agree to be bound by the terms of this Clawback Order pending the entry of this Clawback Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Clawback Order has been entered by the Court.  Notwithstanding the foregoing, the Parties shall not be obligated to provide any Clawback Discovery Material prior to entry of this Clawback Order by the Court, unless the production of such Discovery Material is expressly required by another Order of the Court.

11. Subject to any applicable rule of this Court, the provisions of this Clawback Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

12. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the Parties, with regard to any provision hereof.

_____
JOHN S. BRYANT,
MAGISTRATE JUDGE

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

**STIPULATED TO AND SUBMITTED FOR ENTRY:**

BRANSTETTER, STRANCH & JENNINGS, PLLC

By: /s J. Gerard Stranch, IV
J. Gerard Stranch, IV
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
nfaruqi@faruquilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

Attorneys for Plaintiff, Alisha Rosinek

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s W. Travis Parham
W. Travis Parham (BPR 16846)
Paul S. Davidson (BPR 11789)
Michael T. Harmon (BPR 27279)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
tparham@wallerlaw.com
pdavidson@wallerlaw.com
mharmon@wallerlaw.com

Attorneys for Defendants, Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Todd R. David
Jessica Corley
Lisa R. Bugni
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com
jessica.corley@alston.com
lisa.bugni@alston.com

Attorneys for Defendants, Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Alan S. Goudiss
H. Miriam Farber Gorman
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022
agoudiss@shearman.com
mfarber@shearman.com

Attorneys for Defendants, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.

By: /s John S. Hicks
John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street, Suite 800
Nashville, Tennessee 37201

Gary A. Bornstein
Max R. Shulman
Francis P. Barron
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
gbornstein@cravath.com
mshulman@cravath.com
fbarron@cravath.com

Attorneys for Defendants, Universal Health Services, Inc. and Olympus Acquisition Corp.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties referenced in the signature line above. Parties may access this filing through the Court's electronic filing system.

This 30th day of July, 2010.

/s W. Travis Parham