# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-00534 |
| v. | ) ) | Senior Judge Nixon<br>Magistrate Judge Bryant |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATION AND AGREED ORDER
## GOVERNING THE PROTECTION AND
## EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") will necessarily involve the production of certain information which the parties to the Litigation (the "Parties", each a "Party") believe to be confidential and sensitive commercial, financial, business or personal information;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their undersigned counsel, subject to the approval of the Court, that this

Stipulation and Agreed Order Governing the Protection and Exchange of Confidential Material (the "Stipulation and Order") shall govern the handling of written discovery requests, documents, depositions, deposition transcripts and exhibits, interrogatory responses, admissions, and responses to requests for documents served or filed in this Litigation, and any other information produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Party or Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if counsel for such Party or Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary, commercially sensitive or personally sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). For purposes of this Stipulation and Order, Discovery Material considered to be Confidential Discovery Material includes all non-public Discovery Material containing information related, but not limited, to: (i) financial or business plans or projections; (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) trade secrets and proprietary technical information; (iv) studies or analyses by internal or outside experts or consultants; (v) financial or accounting results

or data; (vi) customer lists, bids, solicitations and information; (vii) competitive analyses; (viii) personnel files or data; (ix) product development and planning; (x) personal financial, tax or employment information; (xi) business, management and marketing plans and strategies; (xii) costs of goods and services; (xiii) pricing of goods and services; (xiv) acquisition offers and expressions of interests; (xv) contracts or agreements with patients, customers, employees, affiliates or partners; (xvi) complaints, disputes, litigation, mediation or arbitration with patients, customers, employees, affiliates or partners; (xvii) stockholder lists, registers and data; (xviii) personal medical history and other patient-related information; (xix) other personally sensitive or proprietary information; and (xx) any governmental inquiry or investigation.

2.     Any Party or Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Stipulation and Order if counsel for such Party or Producing Party in good faith reasonably believes that disclosure of the Confidential Discovery Material to the persons permitted access to Confidential Discovery Material under this Stipulation and Order would harm the commercial, financial or business interests of such Party or Producing Party (other than such harm as might arise from the Discovery Material being evidence adverse to a Party or Producing Party in the Litigation), or would otherwise create an undue risk of injury to such Party or Producing Party that would not exist in the absence of such disclosure ("Highly Confidential Discovery Material"; collectively with Confidential Discovery Material, "Protected Discovery Material").  For purposes of this Stipulation and Order, Highly

3836406.1

Confidential Discovery Material includes all Confidential Discovery Material containing information related, but not limited, to trade secrets, proprietary technical information, source code, financial projections or customer lists, or other highly confidential business, financial, regulatory or strategic information.

3.    Discovery Material shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing limitation shall not apply to Discovery Material that is or becomes part of the public record.

4.    The designation of Discovery Material as Protected Discovery Material for purposes of this Stipulation and Order shall be made in the following manner:

A.    In the case of documents or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential," as appropriate, to each page containing any Protected Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential," as appropriate, in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential," as appropriate, to the media containing the Protected Discovery Material (*e.g.,* CD-Rom, Floppy Disk, DVD).

B.    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition or

testimony; or (ii) by written notice, sent to counsel for each of the Parties within ten (10) business days of receipt of the final transcript of such deposition or testimony, provided that only those portions of the transcript designated as Protected Discovery Material shall be deemed Protected Discovery Material, and further provided that all testimony, exhibits and transcripts of deposition or other testimony shall be treated as "Highly Confidential" before such ten- (10) day period has expired. The Parties may modify this procedure for any particular deposition or testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

5. Inadvertent failure to designate Discovery Material as Protected Discovery Material shall not constitute a waiver of such claim and may be corrected: (i) by supplemental written notice sent to counsel for each of the Parties designating such Discovery Material as Protected Discovery Material; or (ii) in a manner consistent with paragraph 4. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Protected Discovery Material, accordingly, and such Discovery Material shall be fully subject to this Stipulation and Order from the date of such supplemental notice forward. Further, upon receiving such supplemental notice, any Party that disclosed such Discovery Material prior to its designation as Protected Discovery Material shall exercise reasonable good-faith efforts (i) to ensure the return or destruction of such Discovery Material from any persons to whom it has been disclosed and who would not have been entitled to receive such Discovery Material had it been designated as Protected Discovery Material at the time of

such disclosure, and (ii) to ensure that such persons do not further disclose such Discovery Material.

6. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A. the Parties (if natural persons), and the officers, directors, managers, and employees of the Parties (if entities), or any subsidiary or affiliate thereof, who: (i) are assisting with or making decisions concerning the Litigation; or (ii) appear as witnesses;

B. experts or consultants assisting counsel for the Parties with the Litigation, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

C. counsel who represent the Parties (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

D. witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or other testimony in this Litigation;

E. any person, and their counsel, to the extent that it appears from the face of the Confidential Discovery Material or from other Discovery Material, that the

person was an author, addressee, or an actual or intended recipient of the Confidential

Discovery Material;

F.       the Court, persons employed by the Court, and court reporters

transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom;

and

G.       any other person only upon:  (i) order of the Court entered upon

notice to the Parties; or (ii) written authorization from, or statement on the record by, the

Producing Party who provided the Protected Discovery Material being disclosed.

7.       Highly Confidential Discovery Material may be disclosed, summarized,

described, characterized or otherwise communicated or made available in whole or in

part only to the following persons:

A.       outside counsel who represent the Parties, and the partners,

associates, paralegals, secretaries, clerical, regular and temporary employees and service

vendors of such counsel (including outside copying and litigation support services) who

are assisting with the Litigation;

B.       witnesses or deponents, and their counsel, only:  (i) to the extent

necessary to conduct or prepare for depositions or other testimony in this Litigation; and

(ii) if it appears from the face of the Highly Confidential Discovery Material or from

other Discovery Material, that the Highly Confidential Discovery Material was

previously received by the witness, or communicated to that witness, or that such witness

is employed by the same person or entity as a person indicated on the face of the Highly

3836406.1

Confidential Discovery Material to be the author, addressee, or an actual or intended recipient of the Highly Confidential Discovery Material;

C.     experts or consultants assisting counsel for the Parties with the Litigation, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.     any person, and their counsel, to the extent that it appears from the face of the Highly Confidential Discovery Material or from other Discovery Material, that the person was an author, addressee, or an actual or intended recipient of the Highly Confidential Discovery Material;

E.     the Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom; and

F.     any other person only upon:  (i) order of the Court entered upon notice to the Parties; or (ii) written authorization from, or statement on the record by, the Producing Party who provided the Protected Discovery Material being disclosed.

8.     Notwithstanding paragraphs 6B and 7C above, Protected Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant is using said Protected Discovery Material solely in connection with this Litigation, and further provided that

such expert or consultant signs an undertaking in the form attached hereto as <u>Exhibit A</u>, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation and Order, and agreeing not to disclose or use any Discovery Material for purposes other than those permitted hereunder. Notwithstanding paragraphs 6D and 7B above, Protected Discovery Material may be provided to persons listed therein only after: (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by making such a statement on the record, and/or by signing a copy of Exhibit A hereto; or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order. The Parties agree that if a witness or deponent refuses to be bound by the terms of this Stipulation and Order, the deposition shall remain open while the Parties seek resolution of the issue by the Court. Counsel for the Party showing Protected Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Every person to whom Discovery Material is disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

3836406.1

10.     To the extent that testimony is sought concerning Protected Discovery Material during any deposition or other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Protected Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

11.     Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court, which discloses, summarizes, describes, characterizes or otherwise communicates Protected Discovery Material (a "Filing Under Seal"), shall be filed:

A.     under seal in accordance with local practice;

B.     with a legend affixed on each page which states "THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER."; and

C.     with a cover page containing the caption in this Litigation and the following statements and information:

> **YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**
>
> **If you are not authorized by Court order to view or retrieve this document, read no further than this page. You should contact the following person:**

**[filing attorney's name]**

**[firm name of filing attorney]**

**[address of filing attorney]**

**[telephone number of filing attorney]**

In the event that a paper copy of any Filing Under Seal is submitted to the Court for any reason, such paper copy shall be submitted in a sealed envelope or package marked with the title of the Litigation and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

12.     Any Party who objects to the continued restriction on public access to any Filing Under Seal, or any portion thereof, shall give written notice of the objection to the Parties and the Producing Party.  To the extent that the Parties or the Producing Party seek to continue the restriction on public access to the Filing Under Seal, or any portion thereof, such Party shall file an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the Filing Under Seal, or any portion thereof.

13.     The Parties reserve the right to apply for an Order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation and Order.

14.     Entering into this Stipulation and Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

A.     operate as an admission by any Party that:  (i) any particular Discovery Material constitutes Protected Discovery Material; or (ii) the restrictions and procedures set forth herein constitute adequate protection for any Protected Discovery Material;

B.     prejudice in any way the rights of any Party to:  (i) seek production of documents or information they consider subject to discovery; or (ii) object to the production of documents or information they consider not subject to discovery;

C.     prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

D.     prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Protected Discovery Material should be subject to the terms of this Stipulation and Order;

E.     prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Protected Discovery Material;

F.      prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

G.      be construed as an agreement by any person to produce or supply any document or information, or as a waiver by any person of the right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

15.     This Stipulation and Order has no effect upon, and shall not apply to, a Party's use of its own Discovery Material for any purpose.  Nothing herein shall: (i) prevent a Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a Party of Protected Discovery Materials obtained lawfully by such Party independently of the discovery proceedings in the Litigation and not otherwise subject to confidentiality restrictions.

16.     If any person in possession of Protected Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of such Protected Discovery Material (the "Receiver"), the Receiver shall give written (by hand delivery, email or facsimile transmission) and telephone notice to counsel for the Producing Party (or Producing Parties) within three (3) business days after receipt of the subpoena or other compulsory process.  Such written notice shall identify the Protected Discovery Material sought and enclose a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiver shall not produce the Protected Discovery Material called for prior to receiving a court order or the

consent of the Producing Party. The Producing Party shall be solely responsible for asserting and pursuing any further objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Protected Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that such Protected Discovery Material is produced to a non-Party, such material shall still be treated in accordance with the designation as Protected Discovery Material by the Parties.

17. Any person to whom Protected Discovery Material is disclosed: (i) shall protect, safeguard and otherwise respect the confidential nature of such Protected Discovery Material; (ii) shall not use or disclose such Protected Discovery Material in a manner inconsistent with this Stipulation and Order; and (iii) shall maintain all Protected Discovery Material in a secure place where unauthorized disclosure cannot reasonably be expected to occur.

18. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product or any other applicable privilege or immunity is inadvertently produced ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

A.     A claim of inadvertent production shall constitute a representation by that Party that the Inadvertent Production Material has been reviewed by an attorney for such Party and that there is a good faith basis for such claim of inadvertent production.

B.     If a claim of inadvertent production is made, pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the party possessing the Inadvertent Production Material shall:  (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith and reasonable effort to (a) return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or (b) destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and certify to that fact in writing; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

C.     A party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such an application is pending, the Discovery Material in question shall be treated as Inadvertent Production Material.  Any such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or the substance (as opposed to the type or nature) of the material; nor shall such motion include or otherwise disclose, as an

attachment or exhibit or otherwise, the material (or any portion thereof) that is the subject of such motion.

19.     Nothing herein shall be deemed to waive any applicable common law or statutory attorney-client privilege, work product or other applicable privilege or immunity.

20.     In the event additional parties join or are joined in the Litigation, they shall not have access to Discovery Material until the newly-joined party by its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

21.     Any non-Party who is also a Producing Party shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms with respect to materials produced by them.

22.     The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

23.     Subject to any applicable rule of this Court, the provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

24. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, including the exhaustion of all possible appeals, and upon the written request of a Producing Party, all persons having received Protected Discovery Material from such Producing Party shall make a good faith and reasonable effort to: (i) return any such Protected Discovery Material and all copies thereof (including summaries and excerpts) to counsel for that Producing Party; or (ii) destroy all such Protected Discovery Material (including summaries and excerpts) and certify to that fact in writing to counsel for such Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including documents containing such Protected Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, deposition and trial transcripts and attorney work product to any person, except pursuant to a court order, agreement with the Producing Party, or the terms of this Stipulation and Order.

25. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material as Protected Discovery Material may, after making a good faith and reasonable effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material in question shall be treated as Protected Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not

- 17 -

intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Protected Discovery Material.

26.     In the event that any Protected Discovery Material is used in any court proceeding in the Litigation or any appeal therefrom, said Protected Discovery Material shall not lose its status as Protected Discovery Material through such use unless such Discovery Material becomes part of the public record.  Prior to any court proceeding in which Protected Discovery Material is to be used in the Litigation, counsel shall confer in good faith on such procedures, subject to approval of the Court, that may be necessary or advisable to protect the confidentiality of any such Protected Discovery Material.

27.     Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the Parties, with regard to any provision hereof.

*s/ John S. Bryant*

JOHN S. BRYANT,
MAGISTRATE JUDGE

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

**STIPULATED TO AND SUBMITTED FOR ENTRY:**

BRANSTETTER, STRANCH & JENNINGS, PLLC

By: /s J. Gerard Stranch, IV
J. Gerard Stranch, IV
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
gstranch@branstetterlaw.com

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017-6531
nfaruqi@faruqilaw.com
ekomlossy@faruqilaw.com

Mark C. Gardy
James S. Notis
Kira German
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
mgardy@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

Attorneys for Plaintiff, Alisha Rosinek

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s W. Travis Parham
W. Travis Parham (BPR 16846)
Paul S. Davidson (BPR 11789)
Michael T. Harmon (BPR 27279)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
tparham@wallerlaw.com
pdavidson@wallerlaw.com
mharmon@wallerlaw.com

Attorneys for Defendants, Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Todd R. David
Jessica Corley
Lisa R. Bugni
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
todd.david@alston.com
jessica.corley@alston.com
lisa.bugni@alston.com

Attorneys for Defendants, Psychiatric Solutions, Inc., Joey A. Jacobs, William M. Petrie, Ronald M. Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner

Alan S. Goudiss
H. Miriam Farber Gorman
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022
agoudiss@shearman.com
mfarber@shearman.com

Attorneys for Defendants, Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.

By: /s John S. Hicks
John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street, Suite 800
Nashville, Tennessee  37201

Gary A. Bornstein
Max R. Shulman
Francis P. Barron
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
gbornstein@cravath.com
mshulman@cravath.com
fbarron@cravath.com

Attorneys for Defendants, Universal Health Services, Inc. and Olympus Acquisition Corp.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties referenced in the signature line above.  Parties may access this filing through the Court's electronic filing system.

This 30th day of July, 2010.

/s W. Travis Parham

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc.,** | ) ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:10-cv-00534** |
| | ) | **Senior Judge Nixon** |
| **v.** | ) | **Magistrate Judge Bryant** |
| | ) | |
| **PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**UNDERTAKING PURSUANT TO**
**THE STIPULATION AND AGREED ORDER GOVERNING THE**
**PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

I, _____, hereby certify that I have read the Stipulation and

Agreed Order Governing the Protection and Exchange of Confidential Material (the

"Order") dated _____ in the above-captioned case, that I agree to comply

with the Order in all respects, and that I hereby submit and waive any objection to the

- 22 -

jurisdiction of the United States District Court for the Middle District of Tennessee for

the adjudication of any dispute concerning or related to my compliance with the Order.

Signature:_____

**Please print or type the following:**

Name:_____

Affiliation:_____

Title:_____

Address:_____

Telephone:_____

Email Address:_____