# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ALISHA ROSINEK, on Behalf of Herself and All Other Similarly Situated Shareholders of Psychiatric Solutions, Inc., | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:10-cv-00534** |
| | ) | |
| v. | ) | |
| | ) | |
| PSYCHIATRIC SOLUTIONS, INC., UNIVERSAL HEALTH SERVICES, INC., OLYMPUS ACQUISITION CORP., JOEY A. JACOBS, MARK P. CLEIN, DAVID M. DILL, RICHARD D. GORE, CHRISTOPHER GRANT, JR., WILLIAM M. PETRIE, EDWARD K. WISSING, RONALD M. FINCHER, CHRISTOPHER L. HOWARD, JACK E. POLSON, and BRENT TURNER, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PSI DEFENDANTS' ANSWER TO INDIVIDUAL AND SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Psychiatric Solutions, Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill,

Richard D. Gore, Christopher Grant, Jr., William M. Petrie, Edward K. Wissing, Ronald M.

Fincher, Christopher L. Howard, Jack E. Polson, and Brent Turner (collectively, "PSI

Defendants"), by and through their undersigned counsel, answer the Individual and Second

Amended Class Action Complaint (the "Complaint") as follows:

1.      PSI Defendants admit that Plaintiff has brought a lawsuit that purports to be an

individual and class action, but deny that Plaintiff or the putative class is entitled to any relief.

PSI Defendants admit that on May 17, 2010, PSI announced it had entered into a merger

agreement with Universal Health Services, Inc. ("UHS") and respectfully refer the Court to PSI's

Preliminary Schedule 14A filed with the United States Securities and Exchange Commission ("SEC") on July 2, 2010 (the "Preliminary Proxy Statement") for a description of the Plan of Merger dated May 16, 2010 (the "Merger Agreement"). PSI Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2. PSI Defendants deny the allegations contained in paragraph 2 of the Complaint, except PSI Defendants admit that on February 11, 2010, PSI's Compensation Committee approved a grant of stock options and restricted stock to certain executives pursuant to the Amended 2009 Long-Term Equity Compensation Plan and the 2010 Long-Term Equity Compensation Plan adopted by the Compensation Committee on December 18, 2009, and respectfully refer the Court to PSI's Definitive Schedule 14A filed with the SEC on April 8, 2010 (the "2010 Proxy") for a description of the equity awards granted pursuant to those plans.

3. PSI Defendants deny the allegations contained in paragraph 3 of the Complaint, except PSI Defendants admit that on March 10, 2010, PSI announced that it had (a) been approached by third parties in connection with a potential acquisition of PSI and (b) formed a special committee of the board of directors (the "Special Committee"), which had retained financial and legal advisors, and respectfully refer the Court to PSI's March 10, 2010 press release for the contents thereof.

4. PSI Defendants deny the allegations contained in paragraph 4 of the Complaint, except PSI Defendants admit that (a) PSI's annual shareholder meeting was held on May 18, 2010; and (b) on May 10, 2010, PSI filed a Form 10-Q with the SEC in which it disclosed that the United States Department of Justice (the "DOJ") had served PSI with two subpoenas. PSI Defendants respectfully refer the Court to the May 10, 2010 Form 10-Q for the contents thereof.

5. PSI Defendants deny the allegations contained in paragraph 5 of the Complaint,

except PSI Defendants admit that (a) PSI filed the 2010 Proxy with the SEC on May 8, 2010; and (b) on May 10, 2010, PSI filed a Form 10-Q with the SEC in which it disclosed that the DOJ had served PSI with two subpoenas. PSI Defendants respectfully refer the Court to the 2010 Proxy and the May 10, 2010 Form 10-Q for the contents thereof.

6. PSI Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that on April 15, 2010, the Compensation Committee approved an amendment to Mr. Jacobs's employment agreement and change in control severance agreements with certain other senior executives and respectfully refer the Court to Mr. Jacobs's employment agreement with PSI and to the Form of Change in Control Several Agreement (attached as Exhibits 10.1 and 10.2, respectively, to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

7. PSI Defendants deny the allegations contained in paragraph 7 of the Complaint, except PSI Defendants admit that (a) on May 17, 2010, PSI announced it had entered into the Merger Agreement with UHS; (b) PSI's annual shareholder meeting was held on May 18, 2010; and (c) on May 10, 2010, PSI filed a Form 10-Q with the SEC in which it disclosed that the DOJ had served PSI with two subpoenas.

8. The allegations contained in paragraph 8 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, PSI Defendants deny the allegations and respectfully refer the Court to the Merger Agreement for the contents thereof.

9. The allegations contained in paragraph 9 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, PSI Defendants deny the allegations and respectfully refer the Court to the Preliminary Proxy Statement for the contents thereof.

10.     PSI Defendants admit that the Complaint purports to bring claims based on alleged violations of the referenced provisions of the Exchange Act, but deny that Plaintiff is entitled to any relief.

11.     The allegations contained in paragraph 11 assert conclusions of law to which no responsive pleading is required.  To the extent a response is required, PSI Defendants admit that the Complaint purports to be based on the referenced jurisdictional provisions of the Exchange Act, but deny that the Court should exercise jurisdiction over the claims alleged.

12.     The allegations contained in paragraph 12 assert conclusions of law to which no responsive pleading is required.  To the extent a response is required, PSI Defendants admit that the Complaint purports to be based on supplemental jurisdiction set forth in 28 U.S.C. § 1367, but deny that the Court should exercise jurisdiction over the claims alleged.

13.     The allegations contained in paragraph 13 assert conclusions of law to which no responsive pleading is required.  To the extent a response is required, PSI Defendants admit that PSI is headquartered in Franklin, Tennessee, but deny the remaining allegations.

14.     The allegations contained in paragraph 14 assert conclusions of law to which no responsive pleading is required.  To the extent a response is required, PSI Defendants deny the allegations.

15.     PSI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and therefore PSI Defendants deny the allegations.

16.     PSI Defendants admit the allegations contained in paragraph 16 of the Complaint, except PSI Defendants state that PSI's executive offices are located in Suite 500 (not Suite 550 as alleged in the Complaint).

17.     PSI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, and therefore PSI Defendants deny the allegations.

18.     PSI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore PSI Defendants deny the allegations.

19.     PSI Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     PSI Defendants admit the allegations contained in paragraph 20 of the Complaint, except PSI Defendants state that Mr. Clein has served as a director of PSI since 2002 (not 1999 as alleged in the Complaint).

21.     PSI Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.     PSI Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.     PSI Defendants deny the allegations contained in paragraph 23 of the Complaint, except PSI Defendants admit that Mr. Grant (a) has been a member of PSI's board of directors since 1997; (b) has served as the President of Salix Management Corporation since 1997; (c) is chairman of the Special Committee; and (d) is chairman of the Compensation Committee.  PSI Defendants admit that Salix previously held an equity stake in PSI.

24.     PSI Defendants admit the allegations contained in paragraph 21 of the Complaint.

25.     PSI Defendants admit the allegations contained in the first and second sentences of paragraph 25 of the Complaint.  PSI Defendants deny the allegations contained in the third and fourth sentences of paragraph 25 of the Complaint.

26.     PSI Defendants admit that Messrs. Jacobs, Clein, Dill, Gore, Grant, Petrie, and Wissing constitute PSI's Board of Directors.  The remaining allegation contained in paragraph

26 of the Complaint does not require a response.

27.     PSI Defendants admit the allegations contained in paragraph 27 of the Complaint, except PSI Defendants state that Mr. Fincher has served as Chief Operating Office since January 14, 2010, after being appointed Co-Chief Operating Officer on October 13, 2008.

28.     PSI Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     PSI Defendants admit the allegations contained in paragraph 29 of the Complaint.

30.     PSI Defendants admit the allegations contained in paragraph 30 of the Complaint.

31.     PSI Defendants admit that Messrs. Jacobs, Howard, Fincher, Polson, and Turner are officers of PSI.  The remaining allegation contained in paragraph 31 of the Complaint does not require a response.

32.     The allegation contained in paragraph 32 of the Complaint does not require a response.

33.     PSI Defendants deny the allegations contained in paragraph 33 of the Complaint, except PSI Defendants admit that this action purports to be a class action on behalf of the stockholders of PSI.

34.     PSI Defendants admit that Plaintiff purports to exclude certain stockholders of PSI from the putative class.

35.     The allegation contained in paragraph 35 of the Complaint asserts a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

36.     The allegations contained in paragraph 36 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations, except PSI Defendants admit that 57,168,871 shares of PSI's

common stock were outstanding as of April 1, 2010, and that the common stock is widely held and publicly traded.

37.     The allegations contained in paragraph 37 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

38.     The allegations contained in paragraph 38 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

39.     The allegations contained in paragraph 39 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

40.     The allegations contained in paragraph 40 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

41.     The allegations contained in paragraph 41 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

42.     The allegations contained in paragraph 42 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

43.     PSI Defendants admit the allegations contained in paragraph 43 of the Complaint, except PSI Defendants state that PSI's affiliates operate approximately 11,000 beds (not 101,000 as alleged in the Complaint).

44. PSI Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. PSI Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. PSI Defendants deny the allegations contained in paragraph 46 of the Complaint, except PSI Defendants (a) state that the July 17, 2008 *Chicago Tribune* article speaks for itself; (b) admit that the Illinois Department of Children and Family Services placed an admissions hold at Riveredge Hospital; and (c) admit that the DOJ subpoenaed PSI for information relating to the Riveredge Hospital.

47. PSI Defendants deny the allegations contained in paragraph 47 of the Complaint, respectfully refer the Court to PSI's February 25, 2009 press release for the contents thereof, and state that the daily trading price for PSI's common stock is a matter of public record.

48. PSI Defendants deny the allegations contained in paragraph 48 of the Complaint, except PSI Defendants admit that a putative class action lawsuit captioned *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc., et al.*, Case No. 3:09-cv-0082 (M.D. Tenn.), was filed on September 21, 2009, the allegations of which speak for themselves.

49. PSI Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. PSI Defendants deny the allegations contained in paragraph 50 of the Complaint and state that the daily trading price for PSI's common stock is a matter of public record.

51. PSI Defendants deny the allegations contained in paragraph 51 of the Complaint and respectfully refer to the Court to the Preliminary Proxy Statement for a description of the background of the Merger Agreement.

52. PSI Defendants deny the allegations contained in paragraph 52 of the Complaint and respectfully refer to the Court to the Preliminary Proxy Statement for a description of the background of the Merger Agreement.

53.     PSI Defendants admit that (a) on March 2, 2010, PSI management advised the Board of discussions with a potential purchaser regarding a possible acquisition of the Company; (b) on March 4, 2010, the Board established a special committee (the "Special Committee") comprised of Messrs. Grant, Dill, Gore, and Wissing; and (c) the Special Committee selected Mr. Grant as its chairman and engaged Shearman & Sterling as its legal advisor. PSI Defendants deny the remaining allegations contained in paragraph 53 of the Complaint and respectfully refer to the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

54.     PSI Defendants deny the allegations contained in paragraph 54 of the Complaint as stated, except PSI Defendants admit that (a) on March 5, 2010, PSI's Board received a written proposal from Bain Capital regarding an acquisition of the Company at a price of $27.75 per share; and (b) on March 8, 2010, the Special Committee engaged Goldman Sachs as its financial advisor. PSI Defendants respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

55.     PSI Defendants deny the allegations contained in paragraph 55 of the Complaint as stated, except PSI Defendants (a) state that the March 10, 2010 *Wall Street Journal* article speaks for itself; (b) admit that on March 10, 2010, PSI issued a press release confirming that it had been approached by third parties in connection with a potential acquisition of the Company; and (c) admit that on March 11, 2010, the Special Committee was informed that UHS expressed to Goldman Sachs its interest in pursuing a potential transaction with the Company. PSI Defendants respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

56.     PSI Defendants admit the allegations contained in the first two sentences of

paragraph 56 of the Complaint. PSI Defendants deny the allegations contained in the third sentence of paragraph 56 of the Complaint and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

57.     PSI Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.     PSI Defendants admit the allegations contained in the first sentence of paragraph 58 of the Complaint. PSI Defendants deny the allegations contained in the second sentence of paragraph 58 of the Complaint, except PSI Defendants admit the allegations that are quoted directly from the 2010 Proxy.

59.      PSI Defendants deny the allegations contained in paragraph 59 of the Complaint as stated and respectfully refer the Court to the 2010 Proxy for a description of the equity-based compensation awarded to Messrs. Jacobs, Fincher, Polson, Turner, and Howard. PSI Defendants admit that Messrs. Jacobs, Fincher, Polson, Turner, and Howard were the five highest-paid executives of PSI for 2009.

60.     PSI Defendants deny the allegations contained in paragraph 60 of the Complaint as stated and respectfully refer the Court to the 2010 Proxy for a description of the equity-based compensation approved by the Compensation Committee on February 11, 2010. PSI Defendants state that the daily trading price for PSI's common stock is a matter of public record.

61.     PSI Defendants deny the allegations contained in paragraph 61 of the Complaint as stated, except PSI Defendants admit that (a) PSI received subpoenas from the DOJ dated March 4, 2010; and (b) on May 10, 2010, PSI filed a Form 10-Q with the SEC in which it disclosed that the DOJ had served PSI with two subpoenas. PSI Defendants respectfully refer the Court to the May 10, 2010 Form 10-Q for the contents thereof.

62.     PSI Defendants deny the allegations contained in paragraph 62 of the Complaint

as stated and respectfully refer the Court to the 2010 Proxy for the contents thereof.

63. PSI Defendants deny the allegations contained in paragraph 63 of the Complaint as stated and respectfully refer the Court to the 2010 Proxy, the Merger Agreement, and PSI's employment agreements with Messrs. Jacobs, Fincher, Polson, Turner, and Howard for the contents thereof. PSI Defendants admit that on May 17, 2010, PSI announced it had entered into the Merger Agreement with UHS and that PSI's annual shareholder meeting took place on May 18, 2010.

64. PSI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint with respect to what a purchaser is willing to pay, and therefore PSI Defendants deny the allegations. PSI Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

65. PSI Defendants deny the allegations contained in paragraph 65 of the Complaint as stated, except admit that on April 15, 2010, the Compensation Committee approved an amendment to Mr. Jacobs's employment agreement and respectfully refer the Court to Mr. Jacobs's employment agreement with PSI (attached as Exhibit 10.1 to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

66. PSI Defendants deny the allegations contained in paragraph 66 of the Complaint as stated, and respectfully refer the Court to Mr. Jacobs's employment agreement with PSI (attached as Exhibit 10.1 to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

67. PSI Defendants deny the allegations contained in paragraph 67 of the Complaint as stated, and respectfully refer the Court to Mr. Jacobs's employment agreement with PSI (attached as Exhibit 10.1 to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

68. PSI Defendants deny the allegations contained in paragraph 68 of the Complaint

as stated and respectfully refer the Court to the Form of Change in Control Severance Agreement (attached as Exhibit 10.2 to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

69.     PSI Defendants deny the allegations contained in paragraph 69 of the Complaint and respectfully refer the Court to the Form of Change in Control Severance Agreement (attached as Exhibit 10.2 to PSI's Form 8-K filed on April 20, 2010) for the contents thereof.

70.     PSI Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     PSI Defendants deny the allegations contained in paragraph 71 of the Complaint, except PSI Defendants admit that (a) PSI issued the 2010 Proxy on April 8, 2010; (b) the 2010 annual shareholder meeting called for a shareholder vote on re-election of Messrs. Clein and Gore and approval of an amendment to PSI's Equity Incentive Plan; and (c) Messrs. Clein, Gore, and Grant comprise PSI's Compensation Committee.

72.     PSI Defendants deny the allegations contained in paragraph 72 of the Complaint, except PSI Defendants admit that (a) PSI received subpoenas from the DOJ dated March 4, 2010; and (b) the 2010 annual shareholder meeting called for a shareholder vote on re-election of Messrs. Clein and Gore.

73.     PSI Defendants deny the allegations contained in paragraph 73 of the Complaint and respectfully refer the Court to PSI's May 10, 2010 Form 10-Q for the contents thereof.

74.     PSI Defendants deny the allegations contained in the first sentence of paragraph 74 of the Complaint, except PSI Defendants admit that (a) PSI announced the Merger Agreement on May 17, 2010; and (b) the 2010 annual shareholder meeting was held on May 18, 2010.  PSI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of paragraph 74 of the Complaint, and therefore PSI Defendants deny the allegations.

75. The allegations contained in paragraph 75 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, PSI Defendants deny the allegations.

76. PSI Defendants deny the allegations contained in paragraph 76 of the Complaint as stated and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

77. PSI Defendants deny the allegations contained in paragraph 77 of the Complaint and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

78. PSI Defendants admit the allegations contained in paragraph 78 of the Complaint and respectfully refer the Court to PSI's March 10, 2010 press release for the full contents thereof.

79. PSI Defendants deny the allegations contained in paragraph 79 of the Complaint as stated and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

80. PSI Defendants deny the allegations contained in paragraph 80 of the Complaint as stated and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

81. PSI Defendants deny the allegations contained in paragraph 81 of the Complaint and respectfully refer the Court to the Merger Agreement for the contents thereof.

82. PSI Defendants deny the allegations contained in the first sentence of paragraph 82 of the Complaint as stated, except admit that on May 10, 2010, PSI announced financial results for the quarter ended March 31, 2010 and respectfully refer the Court to PSI's May 10,

2010 press release for the full contents thereof. PSI Defendants admit the remaining allegations contained in paragraph 82 of the Complaint.

83. PSI Defendants deny the allegations contained in paragraph 83 of the Complaint, except PSI Defendants admit the allegations that are quoted directly from PSI's May 10, 2010 press release and respectfully refer the Court to PSI's May 10, 2010 press release for the full contents thereof.

84. PSI Defendants deny the allegations contained in paragraph 84 of the Complaint as stated and respectfully refer the Court to the Preliminary Proxy Statement for information relating to the background of the Merger Agreement.

85. PSI Defendants admit the allegations contained in paragraph 85 of the Complaint.

86. The allegations contained in the first sentence of paragraph 86 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, PSI Defendants state that the applicable laws, rules, and regulations speak for themselves, and PSI Defendants deny any allegations contained in the first sentence of paragraph 86 of the Complaint inconsistent therewith. PSI Defendants deny the allegations contained in the second sentence of paragraph 86 of the Complaint, except PSI Defendants admit that Mr. Grant made the quoted statement on May 17, 2010 and respectfully refer the Court to PSI's May 17, 2010 press release for the full contents thereof.

87. The allegations contained in paragraph 87 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, PSI Defendants deny the allegations.

88. PSI Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. PSI Defendants deny the allegations contained in paragraph 89 of the Complaint,

except admit that the Merger Agreement contains insurance and indemnification provisions and respectfully refer the Court to the Merger Agreement for the contents thereof.

90.     PSI Defendants deny the allegations contained in paragraph 90 of the Complaint as stated and respectfully refer the Court to Section 6.04(c) of the Merger Agreement for the full contents thereof.

91.     PSI Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     PSI Defendants deny the allegations contained in paragraph 92 of the Complaint, except admit that the Merger Agreement contains insurance and indemnification provisions and respectfully refer the Court to the Merger Agreement for the contents thereof.

93.     PSI Defendants deny the allegations contained in paragraph 93 of the Complaint, except PSI Defendants admit that on July 2, 2010, PSI filed the Preliminary Proxy Statement with the SEC.

94.     The allegations contained in paragraph 94 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations and respectfully refer the Court to the Preliminary Proxy Statement for the contents thereof.

95.     The allegations contained in paragraph 95 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

96.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 95 above with the same force and effect as if fully set forth herein.

97.     PSI Defendants admit that Plaintiff purports to bring a claim for an alleged violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n, but deny that Plaintiff is

entitled to any relief.

98.     The allegations contained in paragraph 98 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

99.     The allegations contained in paragraph 99 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

100.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 99 above with the same force and effect as if fully set forth herein.

101.     PSI Defendants admit that Plaintiff purports to bring a claim pursuant to Section 20 of the Exchange Act, 15 U.S.C. § 78t, but deny that Plaintiff is entitled to any relief.

102.     The allegations contained in paragraph 102 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

103.     The allegations contained in paragraph 103 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

104.     The allegations contained in paragraph 104 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

105.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 95 above with the same force and effect as if fully set forth herein.

106.     PSI Defendants admit that Plaintiff purports to bring a putative class action, but

deny that Plaintiff or the putative class is entitled to any relief.

107.     The allegations contained in paragraph 107 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants state that the applicable laws, rules, and regulations speak for themselves, and PSI Defendants deny any allegations contained in paragraph 107 of the Complaint inconsistent therewith.

108.     PSI Defendants deny the allegations contained in paragraph 108 of the Complaint, except PSI Defendants admit the Director Defendants caused PSI to issue (a) the 2010 Proxy to solicit shareholder votes for the election of two directors and for the approval of an amendment to PSI's Equity Incentive Plan; and (b) the Preliminary Proxy Statement.

109.     PSI Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.     The allegations contained in paragraph 110 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

111.     The allegations contained in paragraph 111 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

112.     The allegations contained in paragraph 112 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

113.     The allegation contained in paragraph 113 of the Complaint asserts a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegation.

114.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 95 above with the same force and effect as if fully set forth herein.

115.     The allegations contained in paragraph 115 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants state that the applicable laws, rules, and regulations speak for themselves, and PSI Defendants deny any allegations contained in paragraph 115 of the Complaint inconsistent therewith.

116.     The allegations contained in paragraph 116 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

117.     The allegation contained in paragraph 117 of the Complaint asserts a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegation.

118.     The allegation contained in paragraph 118 of the Complaint asserts a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegation.

119.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 95 above with the same force and effect as if fully set forth herein.

120.     PSI Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.     The allegations contained in paragraph 121 of the Complaint assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

122.     PSI Defendants adopt and re-allege their responses to paragraphs 1 through 95

above with the same force and effect as if fully set forth herein.

123.    The allegations contained in paragraph 123 of the Complaint are directed to parties other than PSI Defendants, and therefore no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

124.    The allegations contained in paragraph 124 of the Complaint are directed to parties other than PSI Defendants, and therefore no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

125.    The allegations contained in paragraph 125 of the Complaint are directed to parties other than PSI Defendants, and therefore no responsive pleading is required.  To the extent that a response is required, PSI Defendants deny the allegations.

With respect to the prayer for relief in the Complaint, PSI Defendants deny that Plaintiff or the putative class is entitled to the relief requested, or any relief.

## GENERAL DENIAL

PSI Defendants deny any allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants' decisions are protected by the business judgment rule.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part,

by Article VII of PSI's Certificate of Incorporation and applicable Delaware law, including 8 *Del. C.* § 102(b)(7).

## FOURTH AFFIRMATIVE DEFENSE

None of the PSI Defendants misrepresented or failed to disclose, or aided or abetted in any misrepresentation of or failure to disclose, material facts to Plaintiff and/or members of the putative class.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, pursuant to 8 *Del. C.* § 141(e) because PSI Defendants relied in good faith upon the corporate records and on the information, opinions and statements of corporate officers and employees, and/or professionals and experts hired by the corporation.

## SIXTH AFFIRMATIVE DEFENSE

PSI Defendants affirmatively raise and reserve all applicable equitable defenses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, by the doctrine of ratification.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because PSI Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the allegedly false and misleading statements identified by Plaintiff were immaterial.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because PSI Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class are or will be barred by the doctrines of res judicata and/or collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims and those of the putative class should be barred pursuant to the abstention doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

PSI Defendants adopt and incorporate by reference any other defenses asserted or to be asserted by any of the other defendants to the extent that PSI Defendants may share in any such defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

PSI Defendants hereby give notice of their intention to rely upon additional affirmative defenses that may become available or apparent during the course of discovery and, thus, reserve the right to amend their affirmative defenses accordingly.

WHEREFORE, in answer to the Complaint, PSI Defendants respectfully request that the Court enter an order:

A.     dismissing the Complaint with prejudice or, alternatively, dismissing the PSI Defendants from this action with prejudice;

B.     entering judgment in favor of PSI Defendants and against Plaintiff;

C.     awarding PSI Defendants costs and expenses associated with defending this action, including reasonable attorneys' fees; and

D.     granting such further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By:     /s W. Travis Parham
         W. Travis Parham, BPR 16846
         tparham@wallerlaw.com
         Paul S. Davidson, BPR 11789
         pdavidson@wallerlaw.com
         Michael T. Harmon (BPR No. 027279)
         mharmon@wallerlaw.com
         511 Union Street, Suite 2700
         Nashville, Tennessee 37219
         Telephone:  (615) 244-6380

         Attorneys for Defendants Psychiatric Solutions,
         Inc., Joey A. Jacobs, Mark P. Clein, David M. Dill,
         Richard D. Gore, Christopher Grant, Jr., William
         M. Petrie, Edward K. Wissing, Ronald M. Fincher,
         Christopher L. Howard, Jack E. Polson, and Brent
         Turner

         Todd R. David
         todd.david@alston.com
         Jessica Corley
         Jessica.corley@alston.com
         Lisa R. Bugni
         lisa.bugni@alston.com
         Alston & Bird
         One Atlantic Center
         1201 West Peachtree Street
         Atlanta, Georgia  30309-3424

         Attorneys for Defendants Psychiatric Solutions,
         Inc., Joey A. Jacobs, William M. Petrie, Ronald M.
         Fincher, Christopher L. Howard, Jack E. Polson,
         and Brent Turner

         Alan S. Goudiss
         agoudiss@shearman.com
         H. Miriam Farber Gorman
         mfarber@shearman.com
         Shearman & Sterling
         599 Lexington Avenue
         New York, New York 10022

Attorneys for Defendants Mark P. Clein, David M. Dill, Richard D. Gore, Christopher Grant, Jr., and Edward K. Wissing

## CERTIFICATE OF SERVICE

I certify that on August 6, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631

Nadeem Faruqi
Emily C. Komlossy
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017

Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632

John S. Hicks
211 Commerce Street, Suite 800
Nashville, Tennessee 37201

Gary A. Bornstein
Francis P. Barron
Cravath Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

This 6th day of August, 2010.

/s W. Travis Parham